(No. 36562.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH COOL, Plaintiff in Error.

*Opinion filed November 30, 1962.*

John W. Robinson, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rudolph L. Janega and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, Kenneth Cool, and one Clarence Hill were jointly tried in a bench trial in the criminal court of Cook County on a charge of larceny from the person. The court entered a finding of not guilty as to Hill and a finding of guilty as to the defendant, and sentenced the defendant to the penitentiary for a term of not less than 1 nor more than 10 years. The case is now here on a writ of error to review the conviction of the defendant.

The only contention advanced by the defendant is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The complaining witness, Charles Gourjon, testified that he was a passenger on an elevated train in Chicago at about 3 A.M. He had fallen asleep and was awakened by two transit authority police officers who told Gourjon that they had caught the defendant and Hill

in the act of taking Gourjon's wallet. They showed Gourjon a wallet which he identified as his property. On cross-examination, Gourjon testified that he usually kept his wallet in his hip pocket but was not sure what pocket it was in at the time in question. He testified that he had told the police that he thought he had $10 in his wallet.

One of the police officers testified that he and his partner were seated near the rear of the car where Gourjon was riding. The defendant was seated next to Gourjon and the officer saw the defendant going through Gourjon's pockets. Hill was standing behind Gourjon. The officer saw the defendant remove a wallet from Gourjon's pocket and saw the defendant and Hill examine the wallet. As the officers approached the defendant, he dropped the wallet on the seat. The officers then woke Gourjon and told him what they had seen and Gourjon identified the wallet. The defendant and Hill were then turned over to the Chicago police. The defendant was asked by a Chicago police officer whether he had taken Gourjon's wallet and he said that he had. On cross-examination the officer admitted that from where he was seated he could not see the lower portion of Gourjon's body and could not say which pocket the wallet came from. However, he testified that he did see the defendant's hand in Gourjon's pockets and saw that the wallet was taken from Gourjon's person.

A Chicago police officer testified that when the transit authority police turned the defendant over to him he asked the defendant if he had taken Gourjon's wallet and defendant replied, "Yes, I guess so."

For the defense, the defendant testified that he was seated across the aisle from Gourjon. He noticed a wallet between the seat on Gourjon's side and the wall of the car and went across the aisle and picked it up. He was arrested as he was examining the wallet. He testified that Gourjon told the officers that he had $10 in the wallet but that no money was found in the wallet. The officers searched

the defendant at the time of the arrest and found only a one-dollar bill and some change. The defendant testified that he was not with Hill at the time and that he didn't even know Hill prior to that time.

Hill testified that he was riding alone on the train and that he did not in any way assist the defendant in taking Gourjon's wallet.

It is apparent that the only question in this case is the credibility of the witnesses' testimony. If the testimony of the transit authority officer is true, his testimony is sufficient to establish the defendant's guilt beyond a reasonable doubt. Defendant argues that the evidence shows that the officer was not in a position to see the defendant remove the wallet from Gourjon's pocket. However, the officer testified that he did see the defendant remove the wallet and his testimony on cross-examination that he could not see the lower portion of Gourjon's body and did not know what pocket the wallet was taken from goes only to the credibility of his testimony. Defendant also argues that his admission that he took Gourjon's wallet is consistent with his testimony that he took it from the seat. It is likewise consistent with the testimony of the officer that the defendant took the wallet from Gourjon's person and the trial court could properly consider this statement as an admission of guilt. Where the guilt or innocence of the defendant depends upon the credibility of conflicting testimony, the finding of the trial court will not be disturbed. The State's evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*