People of the State of Illinois, Plaintiff-Appellee, v. Helen F. Buzinski, Defendant-Appellant.

Gen. No. 50,311.

First District, Second Division.

October 19, 1965.

Herbert F. Friedman, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

██ ██ The defendant appeals from a judgment imposing a fine of $100 and costs in a complaint charging her with driving an automobile under the influence of intoxicating liquor in violation of Section 47 of the Uniform Act Regulating Traffic on Highways, Ill Rev Stats 1963, chap 95½, par 144. The defendant urges that the People did not prove her guilty beyond a reasonable doubt. The report of proceedings establishes that there was testimony that at 3:45 a. m. on April 19, 1964, an automobile driven by the defendant crashed into the back of a car operated by Sheldon Goodman at Pulaski and Milwaukee Avenues in Chicago. At the time Goodman's car was stopped for a traffic light. Frank Visco of the Chicago Police Department was summoned. As a result of his observance of the defendant and his conversation with her, she was placed under arrest and taken to a police station and charged with driving while under the influence of intoxicating liquor. Officer Visco testified that when he arrived at the scene defendant was sitting in her car, which was in a lane of traffic and behind the automobile of Mr. Goodman. From all the evidence it appeared that defendant's automobile crashed into the rear of the Goodman car when the latter stopped for a traffic light. According to the testimony for the People the defendant would not follow the directions of the

officer, was abusive and used profane language. Officer Visco said he could smell the odor of alcohol on the defendant's breath. He said she was antagonistic and acted "unusually." Her eyes were bloodshot and her reaction to light was fair. Her speech was slurred. Based upon these observations Officer Visco testified that it was his opinion that defendant was driving under the influence of intoxicating liquor. He stated that he had made 175 previous arrests of this nature. For the defense, Marie Barrett, a friend of the defendant testified that defendant was at witness' home from 10:00 p. m. to 3:00 a. m. and that defendant had nothing to drink. The defendant testified similarly that she had only one drink that evening, which was consumed before going to Marie Barrett's home. The determination of the credibility of the witnesses should not be disturbed unless clearly erroneous. There was evidence from which the trial judge had the right to decide that the defendant was driving her automobile while intoxicated.

▮ The defendant states that the Traffic Violation Branch of the Court in which the case was tried was equipped with a machine for the purpose of recording testimony in the trials. The defendant appears to complain that the court reporter was hampered in transcribing the report of proceedings because of "unintelligibility of the voices emanating from the tape recorder or recording machine," on numerous pages of the transcript. The State's Attorney points out that the court reporter and the clerk have certified a true, perfect and complete transcript, that no motion has been made challenging the report of proceedings, requesting the trial judge to settle the report of proceedings or to certify a bystander's report of proceedings as contemplated by Supreme Court Rule 36–1. We agree with the People that it was the duty of the defendant (appellant) to have certified a true and complete report of proceedings. The report of proceedings presented to us is un-

satisfactory. We do not know whether this failure was caused by the recording mechanism in use, the tape, the operator, the placing of the microphones or the failure of the participants in the trial to speak clearly and sufficiently close to the microphones to produce an accurate recordation. This failure does not lessen the duty of the appellant to bring to this court an appropriate report of proceedings where he is relying on the report of proceedings for reversal.

The judgment is affirmed.

Judgment affirmed.

BRYANT and LYONS, JJ., concur.