**People of the State of Illinois, Plaintiff-Appellee, v. Henry Greenberg, Defendant-Appellant.**

**Gen. No. 51,011.**

First District, Second Division.

January 17, 1967.

Gordon & Brustin, of Chicago (Robert E. Gordon, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction for driving a motor vehicle while under the influence of intoxicating liquor. Defendant was fined $100.

At the trial, Officer Morris DeMers of the Chicago Police Department testified that on October 20, 1964, at about 11:45 p. m., he and his partner Officer Leahy, observed defendant, Henry Greenberg, as he pulled from a parking space and headed west on Surf Street in Chicago; that they followed him; that he turned north on Clark Street; that they clocked him for approximately three to four blocks at a speed of 40 m. p. h. in a 25 m. p. h. zone; that defendant was curbed with the aid of the siren and spotlight on the squad car; that he identified himself by showing his badge and identification card; that he asked defendant to step out and produce his driver's license, which defendant produced; that he detected a strong odor of alcohol on defendant's breath; that they spoke for about five minutes; that defendant said he had had a couple of beers; that he told defendant that he felt defendant was unable to drive and placed him in the back seat of the squad car; that Officer Leahy drove the squad car and he led the way in defendant's auto; that after traveling a few blocks, he observed, in the rear view mirror, that defendant was struggling with Officer Leahy in

the squad car; that he saw defendant jump out and run; that he stopped, pursued and caught defendant; that a fight ensued; and that a sap was used to subdue defendant.

Officer DeMers further testified that at the police station defendant refused medical treatment for a bruise on his head; that defendant also refused to submit to a breathalyzer examination; that defendant called his brother-in-law, an attorney; that he (Officer DeMers) made a report of his findings as to certain tests and questions; and that defendant stated that he had drunk a couple of beers and had taken a tranquilizer during the evening. Officer DeMers also stated that he had been a police officer for five years and had made approximately 40 arrests for intoxication; that during his lifetime he had observed thousands of people whom he believed to be under the influence of alcohol; and that based on his experience and his observations and conversation with defendant, he was of the opinion that defendant was under the influence of alcohol at the time of his arrest.

Evidence was introduced that defendant's breath was still strong with alcohol after arriving at the police station; that his face was pale and his clothing mussed; that his attitude was hilarious at times and antagonistic at other times; that his eyes were bloodshot and pupils dilated; that his balance was unsure and his walk weaving; that on the finger to nose test, he was uncertain with either hand; that in picking up coins he was slow; and that his speech was slurred.

Dr. Bernard H. Adelson testified for the defense and stated that he worked at the same hospital where defendant was employed; that defendant had been a patient of his for about one year; that he examined defendant on October 22, 1964, and found defendant had suffered a cerebral concussion; and that it was possible for the symptoms of a cerebral concussion and intoxication to be confused. On cross-examination, he admitted that he had no

way of determining the cause of the trauma, or that defendant had consumed an alcoholic beverage prior to the injury .

Mr. Joseph Astrachan, an attorney and brother-in-law of defendant, testified that defendant telephoned him and asked him to come to the police station; that upon his arrival, he spoke to defendant who admitted having a beer; that it was his opinion defendant was not under the influence of intoxicating liquor when he saw him at about 2:00 or 2:30 in the morning of October 21, 1964; that he posted bond for defendant and he was released; and that he and his wife (defendant's sister) drove him home.

Defendant testified that on October 20, 1964, he was a registered pharmacist at Evanston Hospital; that at about 9:30 p. m., he arrived at a girl friend's apartment for a social visit; that at approximately 10:30 p. m. he had had one beer; that he left the apartment at about 11:15 p. m. feeling no effects of the beer he had consumed; that at approximately 11:30 p. m. he was stopped for speeding by an unmarked police vehicle containing two plainclothes police officers; that as soon as he observed this vehicle flagging him down, he pulled his motor vehicle to the curb; that the officer did not display any identification card, but did show a badge; that one of the officers drove his (defendant's) car while the other officer drove the squad car; that while riding in the back seat he became afraid and was under the impression that the men were not police officers and jumped out of the car when it stopped at a corner; that the officer driving defendant's car pursued and caught him and struck him over the head; and that he was unconscious until taken to the police station, where he complained of a headache.

On cross-examination, he stated that he did not know how he got to Clark Street or how long he drove before being stopped; that upon being taken home by his sister and brother-in-law after leaving the police station, he set the alarm for 8 o'clock, intending to go to work; that he

awoke at 8:00 a. m., had a headache and called Dr. Adelson; that he arrived at the hospital about 10 or 10:30 a. m. and was admitted by an intern; that he had taken a tranquilizer at about 10 o'clock and a beer at about 10:30 p.m. on the evening in question; that the tranquilizers had not been prescribed by Dr. Adelson but by a Dr. Schultz; that he did not use them regularly; that he had read "that tranquilizers will potentiate the effects of alcohol" and that he was released from the hospital on October 23, 1964.

It is defendant's theory of the case that the State failed to establish his guilt beyond a reasonable doubt. We disagree with defendant's contention.

The court in People v. Leiby, 346 Ill App 550, 105 NE2d 776 (1952) quoting from Osborn v. Leuffgen, 381 Ill 295, 45 NE2d 622 (1942) said at pages 298–299:

". . . Beer is an alcoholic liquor, and it is a matter of general knowledge that all alcoholic liquors are intoxicating in varying degrees. It is well known that the effect of alcohol upon all persons is not the same but may be widely different, and that an individual who has had only a slight amount of drink may in some instances be more dangerous than a person who shows signs of intoxication. The Supreme Court of Pennsylvania has said in the case of Elkin v. Buschner, 16 Atl 102: 'Whenever a man is under the influence of liquor so as not to be entirely himself, he is intoxicated. Although he can walk straight, attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk, yet if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not to possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated.' "

In the instant case, the evidence clearly shows that defendant by his own admission had at least one beer, that his breath had a strong odor of alcohol and that he was speeding at the time of his arrest. This evidence, coupled with defendant's subsequent attempted escape, his staggering, his acting alternatively in a hilarious and antagonistic manner, and his appearance, was sufficient for the trial court to find that he was, at the time of his arrest, driving his automobile while under the influence of alcohol.

In People v. Raddle, 39 Ill App2d 265, 188 NE2d 101 (1963), the defendant was arrested for speeding. The officer detected the odor of alcohol on defendant's breath. The defendant walked in a swaying manner, his speech was slurred, and his attitude was insulting. The officer testified that the defendant was under the influence of alcohol. His opinion was based upon the above facts, his observation of the defendant at the police station, and his experience as a police officer. In that case, the defendant admitted having one beer about 8 or 9 hours prior to his arrest, denied that he was speeding, and offered the testimony of a witness who stated that the defendant had nothing to drink that day and that she had not smelled any liquor on his breath. The court stated:

"The police officer's testimony taken by itself was sufficient to prove guilt beyond a reasonable doubt, and the only basis, therefore, for defendant's contention is that a doubt was raised by the testimony of the defendant and his friend. This simply presents the question of the credibility of the witnesses' testimony and, as stated very recently in People v. Cool, 26 Ill2d 255 at 258:

" 'Where the guilt or innocence of the defendant depends upon the credibility of conflicting testi-

mony, the finding of the trial court will not be disturbed.' "

In the instant case, it is clear that the trial judge was in the best position to judge the credibility of the witnesses and there is no basis for the defendant's contention that the testimony of defendant's witnesses should be believed over that of the State's witnesses.

Furthermore, the court in People v. Solomonson, 54 Ill App2d 211, 203 NE2d 729 (1964), stated in discussing the possibility that a blow to the defendant's head could have caused the same results as intoxication, that even if it were assumed that every observation under the tests were consonant with some cause other than intoxication, nevertheless, the strong odor of liquor on defendant's breath, the defendant's admission of drinking, and the circumstances surrounding the event were certainly sufficient grounds on which the police officer could have based his opinion. In the instant case, we find there was sufficient evidence for the trial court to find that defendant was driving under the influence of intoxicating liquor.

For the above reasons the judgment is affirmed.

Judgment affirmed.

BURKE and BRYANT, JJ., concur.