**People of the State of Illinois, Plaintiff-Appellee, v. Fredeberto A. Melero, Defendant-Appellant.**

**Gen. No. 52,517.**

First District, First Division.
September 16, 1968.

Joseph B. Gilbert, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant appeals from a nonjury conviction of driving while under the influence of intoxicating liquor, in violation of section 47 of the Uniform Act Regulating Traffic (Ill Rev Stats 1959, c 95½, ¶ 144). He was fined $100 and costs. On appeal, defendant contends that he was not given a fair trial, and that he was not proved guilty beyond a reasonable doubt.

On April 10, 1967, at about 2:45 a. m., defendant, while driving an automobile in Chicago, was stopped for speeding. After some questioning and observance of defendant by the arresting police officer, the drunken driving charge followed.

At the trial, the police officer testified that he saw defendant pass up three cars, and he clocked defendant's speed at 40 miles per hour. After he stopped defendant, he noticed a strong odor of alcohol coming from defendant. On questioning, defendant stated he was going "no-

where" and admitted that he had had several beers. The officer observed that defendant's eyes were bloodshot, his face flushed, his clothes disorderly, he was combative, he was crying, and later on he was sorry. Defendant was staggering on walking, he was faltering, and on the street and in the station he was in a falling condition. He walked limplike and mumbled.

The officer further testified that during his 21 years of service, he made thousands of arrests of people under the influence of alcohol, and in his opinion, defendant was under the influence of alcohol and unfit to drive an automobile.

On cross-examination, the officer stated that his opinion that defendant was unfit to drive was based upon the fact that he drove to the left of the center of 18th Street, where sewers were being installed. The officer did not understand Spanish, and defendant's English was not too good. He followed defendant a sufficient distance to observe that defendant was "driving badly" and over the speed limit.

Defendant testified that he lived with his father and mother and was working. He had a couple of beers at 19th and Ashland. He answered some questions in English and some in Spanish. In response to a question by his attorney, "Did you drive fast? Speak in English," he answered, "thirty miles an hour," and when asked, "Do you think you were drunk?", he responded, "No."

Considered first is defendant's contention that he did not have a fair trial because he "did not understandingly and knowingly waive his right to a jury trial," and because "the trial proceeded when it should have been obvious to the Court that the defendant could not proceed without an interpreter."

The record shows that defendant was represented at all stages of the trial by an attorney, Joseph B. Gilbert. In response to the question by the clerk, "Are you ready for trial?", Mr. Gilbert said, "We might have a little

difficulty. My client does not speak English too well."
The Court: "He'll have to do the best he can. Does he
want time to bring an interpreter in here? Could he go to
trial without an interpreter?" Mr. Gilbert: "He will try
to do it. He speaks Spanish." The Court: "Do you
want me to hear the case or do you want a jury trial?"
Mr. Gilbert: "Waive the jury, Your Honor." The Court:
"State ready?" Mr. Hackett: "The State is ready," and
the trial proceeded.

From the foregoing, defendant argues that no question
of any kind was directed to him as to his understanding
of his right to a jury trial, and that this was probably
because the trial court felt that the defendant, because
of his inability to speak English, would not understand.
Defendant further argues that it was error to proceed
without an interpreter because the court was made aware
of the language handicap, even though no formal request
was made by the defendant.

■ We think the record demonstrates that defendant
was sufficiently conversant with the English language to
understand and make responses in English, so as not to
require an interpreter in this case. Defendant used En-
glish understandingly a number of times in testifying,
both on direct and cross-examination, and in his initial
conversation with the police officer at the time of his ar-
rest.

■ As to the jury waiver, we agree that the trial
court has the duty to see that an accused person's election
to waive a jury trial is not only expressly but also under-
standingly made, and the performance of that duty cannot
be perfunctorily discharged. If the jury waiver here was
not understandingly made, this record does not show it.
We are not persuaded that defendant did not understand
what was happening. By permitting his attorney, in his
presence and without objection on his part, to waive his
right to a jury trial, defendant must be held to have
knowingly acquiesced in that action. Also, the trial court

was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney. People v. King, 30 Ill App2d 264, 268, 174 NE2d 213 (1961).

Considered next is defendant's contention that he was not proved guilty beyond a reasonable doubt. In finding defendant guilty of "driving under the influence beyond a reasonable doubt," the court remarked, "The odor of alcohol is strong—the balance is wobbling and the walking is staggering, turning is falling, and I won't even talk about the speech at this time. . . . If there was any doubt in my mind at all—I'd find him not guilty, but to me there is no doubt and that is why I found him guilty."

██ We conclude that defendant received a fair trial. Defendant's alleged inability to understand and speak English does not support his contention that the conviction should be reversed. Where the guilt or innocence of a defendant depends upon the credibility of conflicting testimony, the finding of the trial court will not be disturbed. (People v. Greenberg, 79 Ill App2d 288, 293, 224 NE2d 577 (1967).) The State's evidence was sufficient to establish defendant's guilt beyond a reasonable doubt, and the judgment is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.