**People of the State of Illinois, Plaintiff-Appellee, v.
Vincente M. Casa, Defendant-Appellant.**

Gen. No. 52,857.

First District, First Division.

June 30, 1969.

1

 ██ 

Barnes & Grant, of Chicago (Arthur H. Grant, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant's State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

The defendant, Vincente M. Casa, was convicted of violating section 47 of the Uniform Act Regulating Traffic (Ill Rev Stats 1965, c 95½, § 144), in that he was driving a motor vehicle while under the influence of intoxicating liquor and was fined $200 and costs. The defendant contends on appeal that the traffic ticket issued him was not sufficient to apprise him of the charge against him, and that he was not proven guilty beyond a reasonable doubt.

Officer Richard Attreau testified that on July 22, 1967, at approximately 6:30 p. m., he observed the defendant go through a red light at the corner of 93rd and South Chicago Avenue in the City of Chicago. Officer Attreau, who was in uniform and driving a plainly marked police

car, stopped the defendant and explained the violation to him. As the officer returned to his squad car to park it, the defendant drove away. Officer Attreau curbed the defendant again at 92nd and Exchange Avenue, but as Officer Attreau approached defendant's automobile, the defendant once again drove away. The defendant was finally curbed a third time at 92nd and Commercial Avenue, yet the defendant refused to get out of his automobile or produce his driver's license. Officer Attreau called for the assistance of a two-man squad car, and with this assistance, transported the defendant to the Fourth District Police Station. A friend of the defendant was with him at the time of his arrest.

Officer Attreau continued to testify that during the course of the above events, he detected the odor of alcohol on the defendant's breath and observed that his face was flushed, his clothes soiled and that defendant was in "sort of a fighting mood." The defendant had some difficulty getting into the squad car. His balance was unsure and he swayed when he walked or turned. Officer Attreau stated that he had been a member of the Chicago Police Force for eleven years and during that time had observed "30 or 40" individuals who were under the influence of intoxicating liquor. Based on his observations of the defendant and his experience as a police officer, Officer Attreau was of the opinion that the defendant was under the influence of intoxicating liquor, and was unfit to drive an automobile. At the police station defendant was issued three traffic tickets; no blood, performance, or breathalyzer tests were administered to defendant to determine whether he was intoxicated, as defendant refused to submit to any tests.

The defendant denied that he had anything to drink or was driving under the influence of alcohol and contended that he and a friend had spent the day painting and he had washed his hands in turpentine shortly be-

3

fore he was arrested. Defendant left his home accompanied by his friend in his automobile and proceeded to 115th and the Dan Ryan Expressway, then South to 95th Street. After several turns he was proceeding North on Commercial Avenue, then he turned on to South Chicago Avenue, driving in a northeast direction. Traffic was heavy and when he saw a flashing blue light atop a police car he paid no attention to it as there was no place available to park. The police officer stopped the defendant at 93rd and South Chicago Avenue and explained that defendant went through a red light, and as the officer walked away, defendant drove off, searching for a place to park. Defendant stated the reason he allegedly left the police officer was because he did not notice the officer and was still attempting to find a place to park. The police officer did not immediately inform defendant that he was under arrest for going through a red light, but did so the third time he stopped the defendant at 92nd and Commercial Avenue. Two more policemen arrived and defendant was taken to the Fourth District Police Station. The defendant did not know he was receiving a traffic ticket for driving under the influence of intoxicating liquor until he was in the police station.

The original complaint (the traffic ticket) issued to the defendant alleged a violation of section 47 UART and described the offense as "driving under the influence." A rubber stamp was later put on the complaint describing the offense as "driving under the influence of intoxicating liquor and narcotic drugs." Before the trial began, however, the State made a motion, which was granted, to amend the complaint by striking the words "narcotic drugs," and to have it read "driving a motor vehicle while under the influence of intoxicating beverages." The trial judge offered to give the defendant additional time to prepare his defense if the amend-

ment impaired his ability to defend himself but the defendant stated that he was ready for trial.

The court stated that it had made up its mind concerning the charges against the defendant and did not think the State had proved going through a red light, nor the eluding and resisting arrest. But the court did find the defendant guilty of driving under the influence of intoxicating liquor, and entered a $200 fine against the defendant and costs.

■■ The complaint (the traffic ticket) involved in this case clearly and correctly charged the defendant with a violation of Section 47 of the Uniform Act Regulating Traffic (Ill Rev Stats 1965, c 95½, § 144). The defendant attacks the complaint on the ground that the offense was described on the original ticket as "driving under the influence" which the defendant claims is insufficient to charge a crime. The defendant relies on People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381 (1962), where this court held that a complaint charging a violation of section 47 UART by "driving under the influence" is insufficient to charge a crime. In the instant case, the complaint was amended in open court, prior to trial, to read "driving under the influence of intoxicating beverages." In the Stringfield case, supra, the complaint was amended to read "driving under the influence of alcohol," and such amendment was made after the trial which this court held was void. The obvious difference in the Stringfield case and the case at bar is that the amendment in Stringfield was made after the trial and could not cure the defective complaint, while in the instant case the amendment was made before the trial and was adequate to inform the defendant of the charge against him, thus curing any defect in the original complaint. Also, the term "intoxicating beverages" when used in the phrase "driving a motor vehicle while under the influence of intoxicating beverages," is

sufficient to charge an offense under our Statute. People v. Handibode, 53 Ill App2d 296, 202 NE2d 845 (1964).

The evidence in this case consisted of the testimony of Officer Attreau, as witness for the State, and of the defendant Vincente M. Casa, testifying in his own behalf. The trial court chose to believe the testimony of Officer Attreau over the conflicting version as offered by the defendant. We think the trial court was much more qualified to judge the creditability and demeanor of the witness, than the reviewing court, and that the testimony was not contrary or unreasonable, improbable or unsatisfactory, as to justify the trial court in entertaining a reasonable doubt of the defendant's guilt. The defendant also contends that his conviction rests entirely upon Officer Attreau's testimony and not upon any scientific evidence of intoxication. (Blood tests, breathalyzer tests and the like.) The record reveals that the defendant refused to consent to any tests being administered to him, however, Officer Attreau had ample time to observe the defendant's physical condition, and based upon his observations testified that it was his opinion that defendant was driving a motor vehicle under the influence of intoxicating beverages. We concur with People v. Lenihan, 14 Ill App2d 490, 144 NE2d 803 (1957); People v. Armstrong, 16 Ill App2d 365, 148 NE2d 187 (1958); People v. Raddle, 39 Ill App2d 265, 188 NE2d 101 (1963) and People v. Buzinski, 64 Ill App2d 194, 212 NE2d 270 (1966), that scientific evidence is not always needed or necessary to sustain a conviction for driving a motor vehicle while under the influence of intoxicating beverages.

The judgment of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.