**People of the State of Illinois, Plaintiff-Appellee, v. Melvin D. McKibbins, Defendant-Appellant.**

**Gen. No. 54,173.**

First District, Fourth Division.

August 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED
Theft. Ill Rev Stats 1965, c 38, § 16–1(a).

## JUDGMENT

After a bench trial, defendant was found guilty and sentenced to a term of 2 to 6 years.

## CONTENTION RAISED ON APPEAL

Defendant was not proven guilty beyond a reasonable doubt.

## EVIDENCE

Ann Vozikis, for the State:

She is a saleslady in the leather goods department of the downtown Marshall Field & Company store. On February 10, 1967, at closing time (6:00 p. m.), she took approximately $240 in currency out of a cash register and placed it into a green bag. The denominations of bills included twenties, tens, fives and singles, in addition to change and several checks totaling at least $100. She estimated the total of money and checks at about $350, based upon an actual count which she had taken at 3:00 p. m., when there was $200 in the register, and additional sales made before closing. She then placed the bag next to the register, bent down to change her shoes, and, upon straightening up, noticed that the bag was gone. She identified the bag offered into evidence as being exactly like the one in which she had placed the money belonging to Marshall Field & Company.

Charles Brown, for the State:

On February 10, 1967, he was working as a store detective for Marshall Field & Company. At approximately 6:00 p. m., as he was standing on the balcony overlooking the main floor on the Wabash Avenue side of the store, he noticed a person reach behind the counter in the leather goods section, take a green bag, proceed down the main aisle, and leave the store. He identified defendant as that person. He had seen him in the store "a couple of times" before.

177

The witness and a fellow detective followed defendant and a companion one block north to the corner of Wabash and Lake, where he saw them enter a restroom in a small building on a parking lot. The witness tried the restroom door and found it locked. Since there was no other exit, they sat and waited for approximately twenty minutes, when defendant and his companion emerged. Defendant had a brown bag which he placed on a chair outside the restroom.

The witness arrested defendant, looked into the bag, and found some sweaters and a green bag. He opened the green bag and found it to contain $16.71 in change and over $100 in personal checks payable to Marshall Field & Company. A search of defendant's person produced four $20 bills, one $10 bill, one $5 bill, and twenty-four $1 bills loose in his pocket. Defendant's wallet contained one $5 bill and nine $1 bills. The witness identified the same green bag which had been identified by Mrs. Vozikis.

Defendant, on his own behalf:

He was shopping with a friend in Field's at approximately 6:00 p. m. on the day in question, but was not in the leather goods section, nor did he take anything from any counter. He had a shopping bag from another store, but the green bag, bearing the name Marshall Field & Company, was never in his possession, nor had he ever seen it before. He and his friend had gone to the parking lot to use the washroom.

At the hearing on aggravation and mitigation, it was shown that, between the years 1959 and 1967, defendant had been convicted on four separate occasions for petty larceny or shoplifting, and each time had been given jail sentences of 6 months. He is also under sentence of a year to a year and a day for jumping bail.

OPINION

■■ Defendant contends that there are substantial conflicts in the evidence sufficient to raise a reasonable

178

doubt of his guilt. He asserts that the evidence of the theft, as related by the saleslady who stated that she placed the bag next to the cash register, conflicts with that offered by the detective who testified that defendant reached behind the counter to take the bag. Both could be factual, but if there is a discrepancy, it is so minor as not to affect the judgment of the trial court. There is overwhelming evidence of guilt, including the detective's positive identification of defendant as the man who committed the theft. Also, the detective testified that he kept defendant in sight from the time of the theft until defendant entered the restroom at the parking lot. Defendant admitted being in the store and at the parking lot where he was arrested immediately upon coming out of the locked restroom and having possession of the green bag, bearing the name Marshall Field & Company, money, and checks payable to Marshall Field & Company. This exclusive and unexplained possession of recently stolen property may, by itself, raise an inference that defendant had obtained possession of the property by theft. People v. Reynolds, 27 Ill2d 523, 525, 190 NE 2d 301; People v. Boulahanis, 50 Ill App2d 440, 442, 200 NE2d 372.

■ Defendant also urges that a variance existed between the indictment, which charged that $222 was taken, and evidence of the crime, which showed that only $133 was recovered from defendant's person. However, $16.71 in change and over $100 in checks were found in the green bag. (Defense objections, which were erroneously sustained, precluded the State from introducing evidence of whatever might have been found on the person of defendant's companion at the time of arrest.) We are of the opinion that this proof relating to the amount taken was in substantial conformance with the charge in the indictment, any discrepancy in the amount of the

money stolen being unimportant on the issue of guilt. People v. Kelly, 66 Ill App2d 204, 210, 214 NE2d 290.

■ ■ While defendant has argued that conflicting testimony as to the amount of money stolen raised a doubt of defendant's guilt, no point has been made as to the propriety of defendant's sentence which depends for its validity on proof that the property stolen exceeded $150 in value. Ill Rev Stats 1965, c 38, § 16–1. We believe the proof was adequate in this regard, as the test must be applied to the value of the property stolen, and not the value of that which may have been recovered in possession of defendant after he had had an opportunity to dispose of some of the proceeds. People v. Hansen, 28 Ill2d 322, 340, 192 NE2d 359.

■ Defendant's testimony of denial raised only a question for the trier of fact whose duty it is, when considering contradictory testimony, to determine the credibility of the witnesses and the weight to be accorded their testimony. People v. Coulson, 13 Ill2d 290, 149 NE2d 96; People v. Cool, 26 Ill2d 255, 186 NE2d 254.

The judgment is affirmed.

Affirmed.

DRUCKER and LEIGHTON, JJ., concur.