2 Ill. App.3d 1001 (1971)
276 N.E.2d 364
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
EDWARD J. BIES, Defendant-Appellant.
No. 55399.
Illinois Appellate Court  First District.
November 8, 1971.
Ryan and Connolly, of Franklin Park, (Matthew J. Ryan, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE GOLDBERG delivered the opinion of the court:
After a bench trial, Edward Bies (defendant), was found guilty of driving under the influence of intoxicants, (Ill. Rev. Stat. 1969, ch. 95 1/2, 144(a).) He was fined $100 and appeals to this court. A factual statement is essential.
At approximately 2:00 A.M., on the morning of December 20, 1969, defendant was driving his automobile through Schiller Park, Illinois. Two police officers observed that the car made a "U" turn over a raised *1002 median strip. He then drove through a red traffic light. The officers noticed his vehicle being driven on a weaving or irregular course. They stopped defendant's car and opened the door. Defendant tumbled off of his seat and was held up by one of the officers. There was a strong odor of alcohol about him. He was duly informed of his constitutional rights and was taken to the police station. His automobile was towed to the same destination. He told the officers that he was coming home from an office party and bowling banquet and that he had consumed at least ten drinks of whiskey with water.
The officers gave defendant various physical tests relating to intoxication. In a balance test, he was wobbling and swaying. In a walking test, he swayed and was unsure. In a turning test, he was hesitant and swayed. In bringing his finger to his nose, he was hesitant with his right hand and completely missed the nose with his left hand. Based upon these and other physical tests and upon their experience as police officers in observing drunken persons, the officers both expressed the opinion that defendant was under the influence of alcoholic liquor while driving the vehicle.
Defendant testified in his own behalf. He admitted that he had made the "U" turn over the barrier. He denied that he had passed the red traffic light. He admitted that he had been to an office party and that he had "something to drink." He did not remember whether he told the officers that he had ten drinks of whiskey.
The only defense of consequence raised by defendant is based upon the fact that when entering the police station he requested that the police give him a breathalyzer test. The officers advised him that the Schiller Park Police Station does not have breathalyzer equipment and when this apparatus is required they use the equipment at the Franklin Park Police Station. Therefore, the police did not accede to defendant's request for a breathalyzer test. Defendant's contention is that he had a constitutional and absolute right to a breathalyzer or other scientific test for determination of whether he was intoxicated. In advancing this contention, he depends on the wording of the statute, Ill. Rev. Stat. 1969, ch. 95 1/2, par. 144 (f), and upon the decision of a California District Court of Appeals, In re Newbern (1959), 175 Cal. App.2d 862, 1 Cal. Rptr. 80.
The California case involves a chronic alcoholic who requested that a doctor be called at his own expense to take a sample of his blood to determine if he was intoxicated. This request was refused by the police. It does not appear that any test of any kind was given to defendant but he was merely held in custody as having been drunk in a public place. The case arose as one of a number of habeas corpus proceedings instituted by defendant as retaliation or protection against repeated arrests for alleged *1003 drunkenness. The cited authority is inapplicable here. Furthermore, in the cited case, defendant requested that he have permission to call a doctor to administer the test at his own expense. In the case at bar, defendant simply said to the police, "I would like to take a breathalyzer test." He then fell asleep; and, when he awakened, he went home.
The statute depended upon by defendant is as follows (Ill. Rev. Stat. 1969, ch. 95 1/2, par. 144(f)):
"(f) The person tested may have a physician authorized to practice medicine in all its branches, a qualified technician, chemist, registered nurse, or other qualified person of his own choosing to administer a chemical test or tests, at his own expense, in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person does not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."
 1 A careful reading of this statute convinces us that it is not a mandatory enactment which places upon the police the absolute duty of administering scientific intoxication tests to each and every person charged with drunken driving. The statute applies only to persons who have already been subjected to scientific tests by the police. Sections (c) 1, 2 and 3 and Sections (d) and (e) of ch. 95 1/2, par. 144 all pertain to the administration of scientific tests. Section (f), immediately following, refers to, "The person tested * * *." This shows that Section (f) is intended to be applicable only to a person who has been subjected to scientific tests by the police. This interpretation is further strengthened by the use of the phrase, "* * * in addition to any administered at the direction of a law enforcement officer." We also note that the statute refers to "* * * an additional test * * *." This shows that the section is intended to be applicable only in connection with the taking of tests in addition to those already administered by the police. Since no scientific tests were administered to defendant, the provisions of section (f) are not applicable to him.
Furthermore, in this portion of the section, the use of the words "by a person" in describing the additional test shows with final clarity that the additional test contemplated by the legislature was not to be obtained by the police but solely by "the person tested." It follows that this section of the statute cannot be construed as being applicable to defendant under the facts in this case.
We construe this statute as granting a privilege to any defendant, already subjected by the police to scientific tests for intoxication, to request and have additional scientific tests at his own expense. The section does not impose upon police a mandatory and absolute duty to administer *1004 scientific tests to every person arrested in connection with an offense involving intoxication.
 2 We also point out here the complete fairness to defendant of the entire proceeding. The evidence as to defendant's erratic manner of driving by itself furnishes strong support to the finding of guilt entered by the trial court. (See, People v. Allgauer, 114 Ill. App.2d 405, 407; People v. Greenberg, 79 Ill. App.2d 288, 293.) The remaining competent evidence proved defendant guilty beyond any reasonable doubt.
 3 We note here that there is substantial authority in Illinois to support the principle that in a prosecution for drunken driving opinion testimony, such as that of arresting officers, based upon proper observation, as to the intoxication of the defendant is competent in proving guilt without the presentation of any supporting scientific tests for intoxication. (People v. Coolidge, 124 Ill. App.2d 479, 486; People v. Casa, 113 Ill. App.2d 1, 6.) In other decided cases, defendants have been found guilty of driving a vehicle while intoxicated without the presence of scientific proof. See, People v. Buzinski, 64 Ill. App.2d 194; People v. Armstrong, 16 Ill. App.2d 365.
The judgment is, therefore, affirmed.
Judgment affirmed.
BURKE, P.J., and LYONS, J., concur.