THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM WHEATLEY, Defendant-Appellant.

(No. 55524;

First District—April 25, 1972.

*Rehearing denied May 19, 1972.*

Walter LaVan Pride, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas D. Taubert, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendant was charged with speeding, running a red light and with driving a vehicle while under the influence of intoxicating liquor. He was tried by the court, aquitted of speeding and running a red light, but convicted of driving while intoxicated. He was fined $100, ordered to pay $5 court costs and his driver's license was revoked "as per statute." [1] In disposing of this appeal, we consider only defendant's contention that the evidence did not prove him guilty beyond a reasonable doubt.

The State's evidence consisted of the testimony of the arresting officer. He testified that at about 12:15 A.M. on February 22, 1970, he saw defendant driving an automobile north on State Street in Chicago at or near 67th Street. He said that defendant's car was "moving much faster" than the vehicles beside him. He clocked defendant as traveling 45 in a 30 miles-per-hour zone. After seeing defendant go through a red light, he stopped him at or near 64th and State. Responding to a question whether he had a conversation with defendant, the officer answered: "When I curbed the vehicle, the defendant exited his car, came back to the squad car. In my opinion he was under the influence of alcohol, and I told him he wasn't driving any further from that point." Then, the prosecuting attorney asked, "Officer, before you came to this opinion, did you make certain observations of Mr. Wheatley?" The officer said, "Yes, I did, sir." The prosecutor asked the officer, "Would you relate these observations to the Court at this time, starting with the odor of alcohol?" The officer then told the court, apparently reading from a document, "Odor of alcohol was strong and color of face was flushed, attitude became uncooperative, walking was stumbling, turning he staggered. Apparent normal behavior. No observable physical defects. His

---

[1] Ill. Rev. Stat. 1969, ch. 95½, par. 144(a) (c)

"(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State.

\* \* \*

(i) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than 2 days nor more than 1 year, or by fine of not less than $100 nor more than $1000 or by both such fine and imprisonment. On a second or subsequent conviction for an offense committed within 5 years after the commission of the first offense he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than $1000.

The Secretary of State shall revoke the chauffeur's or operator's license of any person convicted under this section."

eyes were red and glassy, his clothes were in disarray. Unusual actions; he returned to his auto and refused to get out. Balance; he needed support. His speech was slurred." After the testimony of Officer White, the prosecution rested its case.

Defendant then testified that at about 9:00 P.M. on February 21, 1970, he went to the home of Harry Jones where he ate some sandwiches and drank three bottles of beer. At about midnight, he left the Jones' residence and began driving home. He denied he was speeding. He denied he drove through a red light. He denied he was under the influence of intoxicating liquor. He explained that he had a foot ailment. He offered to prove this by a letter from his treating physician. There was no objection to the letter; there was no ruling on its admission by the court. Harry Jones testified and corroborated the material parts of defendant's testimony. Jones testified that defendant suffered from a foot ailment. He gave his opinion that when defendant left for home at midnight, he was not under the influence of intoxicating liquor.

■■ In reviewing the evidence which defendant contends did not prove him guilty beyond a reasonable doubt, we observe that in his testimony Officer White did not say when or where or how he made the observations that led him to conclude that, at the time in question, defendant was driving a motor vehicle under the influence of intoxicating liquor. The record is totally devoid of any foundation for White's opinion concerning defendant's condition, the only evidence to support the conviction in this case. In a "yes" answer to a leading question, White claimed a lifetime of "[o]ccasion to observe people under the influence." He candidly admitted, however, that in his two years as a policeman he had never arrested a person charged with driving a motor vehicle while under the influence of intoxicating liquor. The experience of a police officer and the number of times he has arrested persons charged with drunken driving are important factors in determining the sufficiency of his testimony to support a conviction for driving while under the influence of intoxicating liquor. See *People v. Casa,* 113 Ill.App.2d 1, 251 N.E.2d 290; *People v. Buzinski,* 64 Ill.App.2d 194, 212 N.E.2d 270.

■■ In this case, one of the facts which the State had to prove beyond a reasonable doubt was that, at the time alleged, defendant drove a motor vehicle while under the influence of intoxicating liquor. (*People v. Sullivan,* (Ill.App.2d), 270 N.E.2d 571.) Being "under the influence of intoxicating liquor" means a condition, caused by the consumption of intoxicants, that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves, operate an automobile with safety to himself and to the public. *Dawkins*

*v. Chavez* (1955), 132 Colo. 61, 71, 285 P.2d 821; *Snyder v. Denver* (1951), 123 Colo. 222, 226, 227 P.2d 341.

■■ The State's evidence consisted solely of Officer White's testimony, without proof of experience and without foundation for the opinion to which he testified. Moreover, whatever the evidentiary value of White's opinion, it was further weakened by defendant's testimony (supported by his witness, Jones) that he suffered from a foot ailment. Evidence of a disability that explains the conclusions of a police officer can raise a reasonable doubt that a defendant was driving a vehicle while under the influence of intoxicating liquor. (*People v. Clark,* 123 Ill.App. 2d 41, 259 N.E.2d 636.) Therefore, our consideration of all the factors shown in the evidence leads us to conclude that the State failed to prove defendant guilty beyond a reasonable doubt. (*People v.* Wallace, (Ill. App.2d), 273 N.E.2d 192; *People v. Williams,* 2 Ill.App.3d 993, 279 N.E.2d 735.) The judgment is reversed.

Judgment reversed.

SCHWARTZ, J., concurs.

Mr. PRESIDING JUSTICE STAMOS dissenting:

The record reflects ample foundation for the opinion of the arresting officer that defendant was driving under the influence of intoxicating liquor. Odor of alcohol, flushed face, bloodshot eyes, disheveled appearance, uncertain gait, lack of balance, slurred speech and eccentric behavior—these are all classic symptoms of intoxication which the arresting officer observed in defendant's appearance. There was evidence of traffic violations by defendant, also foundation for the police officer's opinion. Defendant admitted consuming three beers. His further testimony, and that of his corroborating witnesses, merely raised an issue of credibility to be resolved by the trier of fact.

I find *People v. Greenberg,* 79 Ill.App.2d 288, 224 N.E.2d 577, persuasive. There, the State's case consisted of the testimony of a single police officer who described the defendant's appearance as follows: strong odor of alcohol, pale face, mussed clothing, bloodshot eyes, unsure balance, weaving walk, slurred speech, and erratic behavior. There was also evidence of a speeding violation. The defendant testified on his own behalf and admitted the consumption of one beer, but denied that he had been intoxicated. He was corroborated by his brother-in-law and a physician, the latter testifying that defendant had previously exhibited symptoms of a cerebral concussion, which could be confused by a layman with symptoms of intoxication. The court affirmed, holding that

there was sufficient evidence to support a finding of guilty and that "the trial judge was in the best position to judge the credibility of the witnesses."

The *Greenberg* case is distinguishable only to the extent that the testifying officer there had considerable experience in arresting intoxicated motorists. However, the element of experience or inexperience does not enhance or diminish the sufficiency of the evidence adduced, but bears solely on the issue of witness credibility. In the case at bar, the trial court was fully apprised of the relative inexperience of the testifying officer, but found him credible nonetheless. Where the guilt or innocence of the defendant depends upon the credibility of conflicting testimony, the finding of the trial court will not be disturbed. (*People v. Cool*, 26 Ill.2d 255, 258, 186 N.E.2d 254.) We should adhere to that well-established rule in this case.