THE CITY OF CRYSTAL LAKE, Plaintiff-Appellee, *v.* ANDREW NELSON, Defendant-Appellant.

(No. 71-205;

Second District—May 19, 1972.

Franz & Franz, of Crystal Lake, for appellant.

Thomas F. Baker and Cowlin & Cowlin, both of Crystal Lake, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was convicted of the offense of driving while intoxicated in violation of the municipal ordinance of the city of Crystal Lake. The penalty provided by such ordinance is a fine not to exceed $500. The defendant plead not guilty, was tried by a jury who found him guilty and a fine of $250 was imposed.

The defendant took the stand and testified that he was at home on the night of October 23, 1970. He finished work at 8:00 in the evening and on the way home he testified that he had three 6 or 8 oz. glasses of beer at one tavern and two or three more 6 or 8 oz. glasses of beer at

another. When he arrived home he had dinner and drank four more bottles of beer making a total of 8-10 beers during the evening. Shortly before 1:00 he dropped his cigarettes in the dog's water dish and drove to a nearby place to buy cigarettes. On the way home he was arrested at 1:13 A.M. by police officer Ferris who observed the defendant driving his car from one lane to the other, put on his red light and stopped him. The defendant was cooperative. He was taken to the police station and there a visual alcoholic test was given. Both officer Ferris and officer Lozinski testified that they smelled alcohol on his breath, that he was unable to walk a straight line and was not able to perform the finger to nose test, and that his eyes were bloodshot. Over the objection of the defendant both officers testified that he was under the influence of alcoholic liquor or intoxicated.

Officer Ferris testified that in the police station the defendant was advised of his rights and was given a breathalizer examination by officer Lozinski. Officer Lozinski testified that at the police station officer Ferris asked the defendant if he consented to take the breathalizer test and that he too asked the defendant, and that the defendant consented to the breathalizer test. Defendant denies this and states that he consented only to the visual test.

The defendant has raised four issues upon appeal.

■■■ The first contention is that the court erroneously instructed the jury that the defendant could be found guilty of the offense of driving while intoxicated under the city ordinance by a preponderance of the evidence rather than by proof beyond a reasonable doubt. He contends that the passage of Ill. Rev. Stat. ch. 24, sec. 1—2—1.1 (1969) now requires that the municipality must prove the guilt of the defendant beyond a reasonable doubt for violation of a municipal misdemeanor ordinance. Sec. 1—2—1.1 reads as follows:

"The corporate authorities of each municipality may pass ordinances, not inconsistent with the criminal laws of this State, to regulate any matter expressly within the authorized powers of the municipality, or incidental thereto, making violation thereof a misdemeanor *punishable by incarceration in a penal institution other than the penitentiary not to exceed 6 months.* The municipality is authorized to prosecute violations of penal ordinances enacted under this Section as criminal offenses by its corporate attorney in the circuit court by an information, or complaint sworn to, charging such offense. The prosecution shall be under and conform to the rules of criminal procedure. Conviction shall require the municipality to establish the guilt of the defendant beyond reasonable doubt." (Emphasis supplied.)

The court instructed the jury that the penalty under the Crystal Lake ordinance was a fine of "not less than $5.00 nor more than $500 for each offense." A close reading of the statute will further indicate that where a conviction of an ordinance carries with it a possible jail sentence that the conviction must be beyond a reasonable doubt. By the enactment of Sec. 1—2—1.1, in 1969, it is obvious that the legislature imposed the rules of criminal procedure in those ordinance violations, conviction of which would result in the incarceration. This is not the case of the violation of an ordinance where a fine only is authorized. The cases cited: *City of Highland Park v. Curtis* (1967), 83 Ill.App.2d 218, 226 N.E.2d 870, and *City of Rockford v. Floyd* (1968), 104 Ill.App.2d 161, 243 N.E.2d 837 have not been superseded by this act where the prosecution as here, is under a fine only ordinance.

■■ The second contention of the defendant is that the instruction setting forth the language of the ordinance incorrectly stated the law. He raises the novel theory that inasmuch as conviction of driving while intoxicated whether under a city or village ordinance or under Ill. Rev. Stat. ch. 95½ Sec. 144, now Sec. 11-501, will result in revocation of the operator's license by the Secretary of State of any person so convicted, and that the jury should have been so advised. The case cited in support of this theory is *Scally v. Flannery* (1937), 292 Ill. App. 349 11 N.E.2d 123. The court there held that in a close case where an instruction does not correctly state the law, it is not warranted and constitutes prejudicial error. In this case the court does not believe this is a close case and in addition thereto, the subsequent revocation of a driver's license upon conviction of driving while intoxicated whether under a municipal ordinance or a State statute is not a part of the penalty to be imposed. It has been held that the right to drive a car is a privilege, not a right, and that privilege may or shall be revoked by the Secretary of State for a variety of reasons including driving while intoxicated.

■■ The third contention of the defendant is that the police officers should not have been allowed to state their opinion as to whether or not the defendant was under the influence of alcohol or intoxicated. It has long since been determined by our courts that where the proper foundation is laid, a layman may in fact testify as to the question of sobriety or intoxication as a matter of common knowledge. It is not an invasion of the province of the jury. (*People v. Bobczyk* (1951), 343 Ill.App.2d 504, 99 N.E.2d 567; *People v. Krueger* (1968), 99 Ill.App.2d 431, 241 N.E.2d 707.) In discussing this very question as early as 1878, it was well stated in *Aurora v. Hillman,* 90 Ill. 61 and quoted with approval in *Suppe v. Sako* (1941), 311 Ill.App. 459, 36 N.E.2d 603:

"* * * A witness, by observation and by the exercise of his perceptive faculties, his five senses, can learn and know facts, and such facts he may state. He would not be confined to a detail of the combination of minute appearances that have enabled him to ascertain the fact of intoxication. The details of conduct, attitude, gesture, words, tones, and expression of eye and face may be stated by him, or he may state the fact of intoxication, a fact which he can ascertain by personal observation, as he ascertains other facts." * * *

■■ The defendant next argues that the use of a police report or alcoholic influence report form made out by the officer at the time of the defendant's arrest and examination was error. The report form was used to refresh the officer's recollection and was not introduced into evidence. The attorney for the defendant objected to the reading of the report and the prosecutor advised that it was used for the strict purpose of refreshing recollection. While the method used in examining this officer is not to be condoned it does not constitute reversible error in that he may have read a portion directly from the report.

The next exhibit in question was the breathalizer test itself. Strenuous objection was made to the test and the officer testified in detail as to his qualifications, and that he was certified by the State Department of Public Health under the provisions of Ill. Rev. Stat. ch. 95½, Sec. 14—4(d) now Ch. 95½ Sec. 11—501(d) (1972). The officer testified step by step as to the administration of the test to the defendant. The breathalizer test record card was admitted into evidence showing a per cent blood alcohol content of .13.

Long before the advent of the breathalizer or the blood test for alcohol, the courts of this State have consistently held that laymen, or in this case the arresting officer and the officer in the station, based upon their experience, may testify as to whether or not in their opinion the defendant was or was not under the influence of alcohol or intoxicated.

In *People v. Casa* (1969), 113 Ill.App.2d 1, 251 N.E.2d 290 the defendant refused to take a breathalizer test. The conviction of the accused was sustained based solely on the testimony of the arresting office. The court in citing a number of cases to the same effect, held in substance that scientific evidence was not necessary to sustain a conviction for driving while intoxicated.

■■ In the instant case we have two officers, the first of whom saw the defendant drive down the street from one lane to the other; he arrested him; noticed alcohol on his breath; he was taken to the station; he staggered; he admitted that he had 8-10 beers; his eyes were bloodshot; he was unable to walk a straight line; his speech was slurred; and he was

unable to perform the finger to nose test. Both officers testified he was intoxicated or under the influence of intoxicating liquor. With or without the result of the breathalizer test this court feels that the jury was justified in finding him guilty of the offense charged. It was within the jury's province to determine whether they believed the officer's testimony as to intoxication. Likewise, whether defendant consented to take the test was also a question for the jury to determine whether they believed the police officers or the defendant. Where guilt or innocence of a defendant depends upon conflicting testimony, the court will not substitute its judgment for that of the jury. *People v. Miller* (1968), 101 Ill.App.2d 361, 364; 243 N.E.2d 277; *People v. Buzinski* (1965), 64 Ill.App.2d 194, 212 N.E.2d 270, 272; *People v. Jones* (1969), 113 Ill.App.2d 1, 251 N.E.2d 290 at 293.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.