THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERCY S. WINFIELD, Defendant-Appellant.

(No. 57564;

First District (2nd Division)—October 30, 1973.

Percy W. Winfield, *pro se.*

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial defendant was acquitted of a charge of negligent driving and was convicted of the offense of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1969, ch. 95½, par. 11—501). He was fined $100 plus costs and his driver's license was revoked as provided by statute. On appeal defendant urges several grounds for reversal; however, we need address ourselves only to the contention that the State has failed to prove his guilt beyond a reasonable doubt.

The evidence consisted of the testimony of the arresting officer and defendant. The State's witness, Officer William Burke, testified that on October 11, 1970, at approximately 2:10 A.M., he arrived at the scene of an accident at 556 West 63d Street and observed defendant's car smashed against a viaduct. In response to a leading question inquiring of his observations relating to the accused's physical condition, Officer Burke, apparently reading from a document, further testified: "Alcohol on his breath was strong. Color of face was normal. Attitude was calm. Walking was swaying. No unusual behavior. Unobservable [*sic*, No observable] physical defects. His eyes were bloodshot and watery. Clothes were orderly. No unusual actions. Speech was fair." The State rested its case after Burke, an eight-year veteran of the Chicago Police Department who during his lifetime had observed approximately two hundred persons under the influence of alcohol, gave his opinion that defendant was under the influence of alcohol at the time in question. Although taken to the district police station, the accused was not given any of the usual sobriety tests.

Defendant testified that he left his office at 12:30 A.M. on October 11, 1970, and while driving easterly on 63d street, at about 20 miles per hour, his left front tire came into contact with a sharp-edged piece of steel causing a blow-out and the car to swerve into one of the supporting posts for the railroad overpass; that as a result of the collision, the steering wheel of his car detached, the radiator was smashed in, and the left front wheel bent into the body of the car; and that after the crash defendant was temporarily unconscious and suffered a dislocated knee cap, fractured finger, and injuries to his left shoulder and the left side of his face. Defendant further testified that he had nothing to drink of an alcoholic nature within the preceding twenty-four hours.

■■ The State must prove beyond a reasonable doubt that defendant was under the influence of intoxicating liquor. It is the province of the trier of fact to weigh the evidence and to determine the credibility of the witnesses. (*People v. Mundorf*, 97 Ill.App.2d 130, 239 N.E.2d 690; *People v. Foster*, 114 Ill.App.2d 357, 252 N.E.2d 722.) However, where

the record leaves a reasonable doubt as to defendant's intoxication, this court will reverse. (*People v. Mundorf*, 85 Ill.App.2d 244, 229 N.E.2d 313; *People v. Foster, supra.*) After a careful examination of the record, we have entertained such doubt.

■■ We first note that the arresting officer made no attempt to administer any of the normal tests for sobriety. Although scientific proof of intoxication is not always necessary or needed to sustain a finding of intoxication (*People v. Bies*, 2 Ill.App.3d 1001, 276 N.E.2d 364), its absence in the present case casts the State's burden of proof upon the unsupported testimony of the police officer.

■■ Officer Burke testified that he detected the odor of alcohol on defendant's breath. However, testimony that the breath of the accused smelled of liquor, standing alone, is not sufficient proof that defendant was intoxicated. (*People v. Clark*, 123 Ill.App.2d 41, 259 N.E.2d 636.) In addition, there must be a proffering of evidence that the accused was under the "influence" of intoxicating liquor so that he was less able, either mentally or physically, to operate an automobile with safety to himself and to the public. (*People v. Wheatley*, 4 Ill.App.3d 1088, 283 N.E.2d 279.) Moreover, evidence of a disability which rationally discredits an officer's observations of apparent intoxication can raise a reasonable doubt that a defendant was driving a vehicle while under the influence of intoxicating liquor. *People v. Clark, supra.*

Observations made by Officer Burke—defendant's speech was fair, attitude was calm, behavior and actions were normal—can hardly be deemed classic symptoms of intoxication. Moreover, the probative value of Burke's further testimony was significantly impaired by the fact that defendant's physical condition may be rationally explained as a result of the head and leg injuries sustained from the collision.

■■ We conclude that the State's evidence was so unsatisfactory as to raise a reasonable doubt of defendant's guilt. Therefore, his conviction will be reversed.

Reversed.

LEIGHTON and DOWNING, JJ., concur.