(No. 26216.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE LITTWIN, Plaintiff in Error.

*Opinion filed November 18, 1941—Petition for rehearing stricken January 14, 1942.*

CHARLES A. BELLOWS, (J. W. BELLOWS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

On a trial before the criminal court of Cook county, without a jury, plaintiff in error was found guilty of manslaughter and sentenced to the penitentiary for an indeterminate term of from one to fourteen years. The charge arose out of an automobile accident in which Helen Keller lost her life. By this writ of error he seeks to reverse that judgment. He has limited the issues in this court to the sole contention that the evidence is not sufficient to establish his guilt beyond a reasonable doubt.

Many of the facts are not in dispute. The evidence tends to show that on May 3, 1940, at about 9:30 P. M. plaintiff in error and one Edward Zukowski met Helen Keller and LaVerne Steffen with whom they had no previous acquaintance. These girls were walking on Pulaski Road in the city of Chicago. Plaintiff in error and Zukowski were in a 1934 Buick automobile. After some discussion they decided to go to Mannheim Inn located at Irving Park and Mannheim Road. Before starting on the

trip, plaintiff in error stopped at his home, accompanied by the two girls, for the purpose of changing his clothes. Zukowski went to his own home for the same purpose. Plaintiff in error and the two girls left his home in the automobile. They picked up Zukowski at his home, and on the way they stopped at a tavern where Zukowski went in to pay a bill; the other three remained in the automobile. They next stopped at Mannheim Inn. There the young men each drank two bottles of beer, and the girls each drank two mixed drinks. After remaining in that place until about 11:30 they went to a place called Max's Tavern, arriving there about 11:45. They remained at that place until about 1:00 A. M. While there the boys each drank two small glasses of beer. Shortly after reaching this tavern the girls met Joe McGannon and his three companions, with some of whom they danced. Neither of the girls had any previous acquaintance with McGannon or his companions. McGannon attempted to get them to agree to accompany him to a dance on the following Friday night; he also attempted to learn where the girls lived. When they refused to give their addresses to him, he stated that he would follow them home that night in order to learn where they lived.

Plaintiff in error, Zukowski and the two girls then left Max's Tavern in the automobile owned and driven by plaintiff in error. He and Helen Keller occupied the front seat and Zukowski and LaVerne Steffen the rear seat. They drove north on Oak Park avenue to Higgins Road.

The testimony shows that when they left Max's Tavern, McGannon, with his three companions, followed in McGannon's automobile. The occupants of this car testified that when plaintiff in error reached Higgins Road he turned west; that the McGannon automobile turned east; that after plaintiff in error had proceeded west on Higgins Road only a short distance he turned around and then drove east on Higgins Road; that he passed the McGannon car driv-

ing at a speed of some sixty to seventy miles per hour; that his car was "zigzagging" or winding from side to side as he proceeded along Higgins Road; that he drove through the intersection of Higgins Road and Nagle avenue against a stop light and continued at that rate of speed until the accident occurred. Plaintiff in error testified that when he reached Higgins Road he turned east; that he saw the car following him and did not know who it was but was afraid there was "going to be a robbery;" that he had been driving about forty-five miles per hour after he turned onto Higgins Road, but when he observed a car following him he increased his speed to about fifty-five miles per hour.

Higgins Road is a paved highway. For some distance west of Austin avenue the pavement is 48 feet wide. At that point it narrows within a short distance to 35 feet in width. The pavement has a low curb. When plaintiff in error reached this point where the pavement narrowed to 35 feet he failed to observe the change in its width. He ran over the curb and collided with a tree standing between the curb and the sidewalk. Apparently his speed had not been reduced before the collision. Helen Keller was killed. Plaintiff in error and the other occupants were injured, but not fatally.

The People contend that plaintiff in error was intoxicated. Upon this issue there was a sharp conflict in the testimony. To set out in detail the testimony on this subject would serve no useful purpose. The case was tried by the court without a jury. The trial judge heard and saw the witnesses, and was in a better position to judge of their credibility than this court. It is sufficient to say that the findings of the court are supported by testimony which, if believed to be true, amply justified the finding of guilt. Where the evidence is conflicting the rule is that this court will not substitute its judgment for that of the trial court if there is evidence sufficient to convict. *People* v. *Bolger*, 359 Ill. 58.

On the morning following the accident plaintiff in error was questioned by a police officer at the hospital. He admitted that during the afternoon preceding the accident he drank four or five "beers;" that during the evening he had four "beers" and one "shot" of whiskey. He testified that he was not aware of the fact that he drove the car over the curb.

Whether plaintiff in error was or was not under the influence of intoxicating liquor to the extent shown by witnesses for the People would have little bearing on the question of his guilt. Whatever may have been his condition as to sobriety, the court was warranted in finding from the evidence in the record that his conduct was so reckless and wanton and of such a character as shows an utter disregard for the safety of others under circumstances likely to cause injury.

Where one with wilful and wanton negligence drives an automobile in such a reckless manner as to show an utter disregard of the safety of others, and thereby causes the death of another, even though not intentional, he is guilty of manslaughter. *People* v. *Schneider,* 360 Ill. 43.

The only question here involved is the sufficiency of the evidence. The finding of the trial court is amply supported by the testimony offered on behalf of the People. Where a criminal case is tried by the court without a jury, and the evidence is conflicting, it is the province of the trial court to determine what weight and credit shall be given to the testimony. In this situation we cannot disregard the findings of the criminal court that the guilt of plaintiff in error was established by the evidence beyond a reasonable doubt. Such finding will not be disturbed by this court.

The judgment of the criminal court of Cook county is affirmed. *Judgment affirmed.*