People of The State of Illinois, Plaintiff-Defendant in Error, v. Franklin Armstrong, Defendant-Plaintiff in Error.

Gen. No. 11,147.

Second District, First Division.
February 28, 1958.
Rehearing denied March 17, 1958.
Released for publication March 17, 1958.

Robert W. Besse, of Sterling, and L. Willard Nelson, of Morrison, plaintiff in error.

James E. Bales, State's Attorney, of Dixon, for defendant in error.

JUSTICE SPIVEY delivered the opinion of the court.

The defendant was found guilty by a jury upon an information charging him with operating a motor vehicle while under the influence of intoxicating liquor contrary to section 47 of the Uniform Traffic Act. (Ill. Rev. Stat. 1955, Chap. 95½, par. 144.) The jury further found, as charged in the information, that the defendant had been previously convicted of a like offense on September 20, 1953. Defendant's post trial motions were overruled by the court and judgment was entered on the verdict sentencing defendant to the Illinois State Work Farm at Vandalia, Illinois, for a period of four months and fining him $200 and costs.

On writ of error defendant makes the lone contention that there is not sufficient credible evidence to support the verdict of the jury.

The defendant was arrested after an 80 mile an hour chase by the police through the streets of Dixon, Illi-

nois. The chase culminated when the defendant crashed into a parked car.

On the question of defendant's intoxication, William Boehme, a police officer for the city of Dixon and one of the arresting officers stated that he smelled liquor on the defendant's breath; that he walked in an unsteady manner; that his eyes were dazed and glassy; that he was belligerent and talked more or less with a thick tongue; and that in his opinion the defendant was intoxicated when he was arrested. John Woodyatt, another arresting officer, testified that he smelled liquor on the defendant's breath; that he staggered and weaved when he walked; that he talked with a thick tongue; that his eyes were glassy and blurry; that in answer to his question at the time of arrest if he had been drinking, the defendant said "no," and; that in his opinion Armstrong was intoxicated. Woodyatt further testified that at one time the defendant agreed to take a blood test but some twenty minutes later refused and persisted in his refusal. Edward Loescher, a truck driver and a deputy sheriff of Lee County, observed the defendant when he was brought to the police station and said that the defendant staggered, smelled of alcohol, had "glazey and dazey eyes," and was in his opinion intoxicated. John Gillan, one of Armstrong's companions on the evening in question testified that Armstrong had three beers and in his opinion was not intoxicated.

The defendant testified in his own behalf, related the events of the evening, stated that he had had only three beers on his stops in Dixon and Sterling and that he was not intoxicated. Bill Crouch, 19 years of age, Don Majors, aged 18 and Robert G. Sneed, 22 years of age, each testified that they had seen and talked with the defendant shortly before his arrest, that they observed nothing unusual about his appearance or manner; and that he was not intoxicated.

367

■ This court in People v. Lenihan, 14 Ill.App.2d 490, 144 N.E.2d 803, said at page 804,

"A reviewing court will not disturb a verdict of guilty on the ground that the evidence is not sufficient to convict unless it is so palpably contrary to the evidence or so unreasonable, improbable or unsatisfactory as to justify the court in entertaining a reasonable doubt of the defendant's guilt. People v. Woodruff, 9 Ill.2d 429, 137 N.E.2d 809. Since the jury observed the witnesses and was in a much better position to evaluate their testimony than a court of review, its verdict will not now be disturbed. People v. Lion, 10 Ill.2d 208, 139 N.E.2d 757."

Our Supreme Court in Osborn v. Leuffgen, 381 Ill. 295, 45 N.E.2d 622 said,

". . . Beer is an alcoholic liquor, and it is a matter of general knowledge that all alcoholic liquors are intoxicating in varying degrees. It is well known that the effect of alcohol upon all persons is not the same, but may be widely different, and that an individual who has only a slight amount to drink may in some instances be more dangerous than a person who shows signs of intoxication."

■ Upon the facts presented in this case we would not be justified in saying that the verdict of the jury was so palpably contrary to the evidence or so unreasonable, improbable or unsatisfactory as to justify our substituting our judgment for that of the jury.

The judgment of the County Court of Lee county is affirmed.

Affirmed.

DOVE, P. J. and McNEAL, J., concur.