People of the State of Illinois, Plaintiff-Appellee, v. Robert Mundorf, Defendant-Appellant.

Gen. No. M–51,444.

First District, First Division.

July 17, 1967.

S. M. Del Principe, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was found guilty of driving a motor vehicle while under the influence of an intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic (Ill Rev Stats 1965, c 95½, § 144). He was fined $100 and costs and prosecutes this appeal on the theory that he was not proven guilty beyond a reasonable doubt.

The only evidence produced by the State was the testimony of the arresting officer. No scientific evidence, such as blood test or drunkometer test, was presented. The officer testified that he observed defendant making

an illegal left turn at the corner of Ogden and Chicago avenues, in Chicago, Illinois. The officer pursued defendant and signalled for him to pull over to the side of the road. Upon informing the defendant of his illegal turn, the officer smelled the odor of alcohol on defendant's breath. There was a passenger in defendant's car and the officer testified that the passenger drove the car to the police station.

The officer, who had been on the police force for 11 years and had made over 100 arrests of intoxicated drivers, described the defendant as follows:

> "Odor of breath was strong, his eyes were bloodshot, his face was flushed, his attitude was talkative, balance was swaying, and the finger to the nose test, he refused; turning was swaying, speech he refused."

The officer further testified that defendant admitted drinking earlier in the afternoon. In the officer's opinion, defendant was intoxicated. The officer also testified that defendant said he had an ulcer condition and observed defendant taking Maalox.

Once the complaint was issued, and the bond posted, the keys to defendant's car were returned to him and he drove away from the police station.

The defendant testified that he had recently been hospitalized for an ulcer and liver condition which prohibited him from drinking. He had taken some customers to lunch that afternoon but had nothing intoxicating to drink. The passenger had been with defendant during the entire afternoon. Although he had four or five drinks, the passenger corroborated the testimony that defendant had not had anything alcoholic.

The officer's testimony was directly contradicted by defendant and the passenger on several key points. First, defendant drove his car to the police station, not the passenger. The passenger testified that he did not follow the officer to the station and further that after the complaint was issued, defendant drove away from the station.

Second, although the officer said defendant's eyes were bloodshot, one of defendant's eyes was glass.

█ The court is well aware that the trial judge's finding on the credibility of the witness is entitled to great weight. However, where the evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt, we will reverse. People v. Anderson, 30 Ill2d 413, 197 NE 2d 24 (1964) ; People v. Pellegrino, 30 Ill2d 331, 196 NE2d 670 (1964).

█ After an examination of the record in this cause, it is our opinion that the State failed to prove the defendant guilty beyond a reasonable doubt of driving a motor vehicle while under the influence of an intoxicating liquor. The judgment of the trial court is reversed.

Judgment reversed.

MURPHY, P. J., and BURMAN, J., concur.