**People of the State of Illinois, Plaintiff-Appellee, v. George H. Miller, Defendant-Appellant.**

**Gen. No. 52,906.**

First District, Second Division.

October 22, 1968.

Myron B. Goldstin, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

George H. Miller was convicted of the offense of driving a motor vehicle while under the influence of intoxicating liquor and fined $100 and $5 costs. As a result, his driver's license was revoked for one year in accordance with statutory provisions. He appeals.

The sole evidence presented by the People was the testimony of arresting Officer Max Steel. He testified that on the evening of March 11, 1967, he was in a squad car driving north along on Kimball Avenue when he approached the intersection of that street with Armitage Avenue in Chicago. As he did so he noticed the automobile being driven by George Miller, which was stopped in the right-hand traffic lane waiting for the stop light to change. The officer also observed that there was another automobile stopped for the light directly to the left of that occupied by Miller. When the light changed to green Miller immediately accelerated his automobile and while still in the intersection swerved over to the left cutting off the automobile which was proceeding north to the left of and slightly behind the Miller car. Since this action constituted a traffic violation, Officer Steel pursued Miller's car and brought it to a halt one and one-half to two blocks north of the intersection.

Officer Steel alighted and went to Miller's automobile but as he began to engage the defendant in conversation he noted the odor of alcohol on the defendant's breath. He asked the defendant to get out of his car and noticed that he swayed as he did so and that he stood leaning against or holding onto the car. The witness stated that defendant's eyes were bloodshot, that his face was flushed and that he spoke in a manner described as

"mush mouthed." The witness testified defendant swayed as he walked and turned and had difficulty in maintaining his balance. On the basis of his experience of 12 years as a police officer, the witness concluded that the defendant was under the influence of alcohol and unfit to drive his automobile. He, therefore, transported the defendant to a district police station where the defendant refused to answer questions or take any tests without the assistance of counsel. Officer Steel testified on cross-examination that he did not know why defendant held onto or leaned against his car during their conversation at the scene and that at no time did the defendant require any assistance or support. He further stated that defendant never tripped, slipped, staggered, stumbled or fell, and that he walked up the stairs at the police station in a proper manner.

The defendant testified that he arrived at work on the day in question at approximately 10:30 or 11:00 a. m. and worked until approximately 4:45 p. m.; that he went to lunch about 3:00 p. m. and with his lunch consumed two bottles of beer; and that he had nothing else to drink on this day. He further testified that he usually has a drink with his lunch. He stated that upon leaving work he went to a friend's house to leave a package. He stayed at his friend's house for half an hour and was proceeding on his way when he was arrested. He testified that the alcohol had no "effect" on him, and that on this day he was walking and talking in his normal manner. He testified that he had no physical defects that would cause him to sway when he walked.

Following the finding of guilty (on a motion for a new trial) the court heard the testimony of two defense witnesses, Phillip F. George and Raymond Wilson. Mr. George testified he had worked with the defendant from 11:00 a. m. to approximately 5:00 p. m.; that they had lunch together during which each consumed two bottles of beer. It was Mr. George's opinion that the defendant

was not under the influence of alcohol on the day in question. Mr. Raymond Wilson testified that the defendant delivered a package to his home about 5:30 p. m. and remained about 15 minutes. The witness stated that he had occasion to talk to the defendant and that defendant did not sway when he walked. In the witness' opinion the defendant was not under the influence of alcohol.

The defendant, in arguing that the People did not prove him guilty beyond a reasonable doubt says that he was arrested for a minor traffic violation; that there was no testimony of erratic driving; that there had been no accident; that there were no unusual actions on his part; that he cooperated with the police and that he availed himself of his constitutional right to refuse to answer any questions or to take any tests. He further states that he gave account of his whereabouts during the hours preceding his arrest, including when, where and how much alcohol he had consumed and that he had done everything that a normal, rational person would have done in a similar situation. Defendant also calls attention to the testimony of two witnesses introduced on the hearing of his motion for a new trial and urges that they substantiate his testimony that he was not under the influence of intoxicating liquor while driving his car on that date. Defendant cites People v. Mundorf, 85 Ill App 2d 244, 229 NE2d 313, for the proposition that while the trial judge is the sole judge of credibility of witnesses, if the evidence is so unsatisfactory as to raise a reasonable doubt of guilt, the Appellate Court will reverse.

■ In our opinion the evidence of Officer Steel was sufficient to support the conviction. The question presented to the trial judge was one of credibility of the witnesses. The determination of the trial court will not be lightly disturbed by a court of review. Whether the

evidence is sufficient to show that the defendant was driving a motor vehicle while under the influence of intoxicating liquor is for the determination of the trier of fact who has the advantage of seeing and hearing the witnesses and observing their demeanor while on the witness stand. People v. Buzinski, 64 Ill App2d 194, 212 NE2d 270; People v. Raddle, 39 Ill App2d 265, 188 NE2d 101; People v. Krueger, 99 Ill App2d 431, 241 NE2d 707.

■ The testimony of the police officer that he observed the defendant's eyes to be bloodshot, his color flushed, his speech slurred, his walk unbalanced, when coupled with the officer's opinion that the defendant was under the influence of intoxicants at the time, supports the conviction. There is nothing about the testimony of the officer which would warrant the court in substituting its judgment for that of the trial judge. Officer Steel stopped the defendant for a routine traffic violation, noticed the odor of alcohol on defendant's breath, then went further in his investigation, which revealed that the defendant's speech was "mush mouthed," that his eyes were bloodshot, that his face was flushed and that he swayed when he walked or attempted to turn.

The introduction of the additional testimony was permitted by the trial court over the objection of the State's Attorney. There was no showing that these two witnesses could not have been produced at the trial. The trial judge decided to hear the testimony of the two witnesses and after listening to this testimony, the trial judge denied the motion for a new trial. The evidence presented by defendant was not newly discovered since the persons who gave it and what they would say was known to him before the trial began. Nevertheless the trial judge gave the defendant the benefit of the testimony of the two witnesses. It cannot be said that in doing this he committed error.

We find that there is sufficient evidence in the record to establish the guilt of the defendant beyond a reasonable doubt; therefore, the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.