**People of the State of Illinois, Plaintiff-Appellee, v. Max Coolidge, Defendant-Appellant.**

**Gen. No. 69–158.**

Second District.

June 11, 1970.

Rehearing denied July 13, 1970.

Paul M. King, of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Ralph J. Gust, Jr., Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, Max Coolidge, was found guilty in a bench trial in the Circuit Court of DuPage County of reckless homicide (Count I: Ill Rev Stats 1967, c 38, § 9–3(b)) and driving while under the influence of intoxicating liquor (Count II: Ill Rev Stats 1967, c 95½, § 144). He filed motions for a new trial or to vacate the guilty findings, and to enter a judgment of acquittal. These motions were denied and after hearings on mitigation and for probation, the court sentenced him to three years' probation, the first six months to be served in the State Prison Farm at Vandalia.

Defendant alleges that the judgment of the trial court was based upon speculation and was against the manifest weight of the evidence, and further, that the State failed to sustain its burden of proof of a material fact as to Count I of the indictment.

On September 27, 1968, Linda Galan, age 16, after working in her aunt's store after school, was fatally injured when defendant's car struck her as she was walking to her home shortly after 8 p. m., proceeding west on the north side of Ogden Avenue in Downers Grove, on the right-hand side of the road.

Defendant had worked all day as a carpenter and stopped at the Lamppost Inn in Downers Grove about 5:10 that evening where he consumed approximately 51 ounces of beer, according to witnesses' testimony. He left the tavern about 8 p. m. and drove west on Ogden Avenue, a four-lane highway with two east and two westbound lanes. According to defendant's testimony, he entered the outside lane and remained there,

traveling about 35 miles per hour. His auto struck the girl at a point just west of a Standard Oil station located at Ogden Avenue and Belle Aire Street in Downers Grove. The defendant maintained that it was dark, the lighting was poor, and he did not see the victim; that he felt the impact of hitting something and then pulled off the road onto the shoulder and drove on about 500 feet. He looked into the rearview mirror and saw a dark form lying by the highway so he put the car in reverse and backed up to within 30 to 40 feet of the form. When he got out of his car he realized that he had hit someone, whereupon he became nervous, weak and sick. He recalled people gathering and police arriving, but maintained he was not intoxicated and had no difficulty in moving about or speaking.

The State's witness, Robert Earl, testified that he was traveling east on Ogden Avenue, in the inner lane, on that evening about 8 p. m. He was preparing to enter the Standard station for gas. The lighting was good because of the Standard Station and a Burger King on the other side of the road. About 700 to 800 feet west of the western edge of the gas station he saw defendant's car approach, then a cloud of dust, the right fender of the car struck an object which went up and came to the ground about four or five feet from the impact. Earl testified that the right front tire of defendant's car was off the road at that time, that defendant pulled the rest of the car off the road and stopped about 500 feet west of the impact. Earl pulled into the station and went to the girl, who was lying unconscious on the shoulder of the road. He and another person yelled to the defendant, who then backed up his car to within 15 feet of the girl. Earl said when defendant got out of his car he appeared to be intoxicated.

Police Officers Pomes, Irons, Kelley and Obert, called to the scene of the accident, stated that the lighting was

good at the scene. Officer Irons arrested defendant because he exhibited signs of intoxication such as unsteady gait, halting speech and alcoholic breath. The other officers concurred in this opinion. At the police station he was given a breathalizer test. Defendant's motion to suppress this evidence was sustained.

Witnesses for the defendant, who had been his companions at the Lamppost Inn, testified that he showed no signs of intoxication, "that he was in good condition," as did his wife and brother who saw him at the police station after the accident.

Both State's and defendant's witnesses testified that debris was scattered on the highway and on the shoulder of the road. Since the girl's body was promptly removed, only those who arrived at the scene immediately after the accident were able to testify as to the position of the body, with statements that placed it at one to four feet from the north edge of the road on the shoulder.

■ Defendant contends that a material allegation of the reckless homicide count was not proved beyond a reasonable doubt, namely, that he did "operate his vehicle off the paved portion of said highway while he was under the influence of intoxicating liquor," and that the testimony concerning the lighting conditions and other features of the site did not establish proof of reckless or willful and wanton conduct. Concerning the indictment for driving under the influence of intoxicating beverage, the defendant contends that the finding of guilty was against the manifest weight of the evidence. As to defendant's contention that it was not proved that he operated his vehicle off the paved portion of said highway, the State says that it was not a material allegation of the indictment, or if it was, then it was proved beyond a reasonable doubt. The statement is a material allegation. In The People v. Griffin, 36 Ill2d 430, 433, 223 NE2d 158, it is stated:

"Unless a defendant is advised of the particular acts relied upon to sustain a charge of reckless driving, he is not advised of the 'nature and elements' of the offense, and he is not afforded the full protection against double jeopardy contemplated by the constitution."

Nevertheless, we believe that it was proved beyond a reasonable doubt that defendant drove his vehicle off the paved portion of the highway while he was under the influence of intoxicating liquor and struck Linda Galan and caused her death.

 There is a definite conflict between the State's witnesses and defendant's witnesses as to intoxication, lighting conditions, location of debris on or off the highway, and location of the body. It seems apparent that the defendant did not see the girl before impact because he testified that he felt a thud and heard a thump and did not realize what had happened—that he had hit a person—until he got out of his car and walked back to investigate. There is no testimony in the record that the girl was on the highway when she was struck. Without going into the details of the testimony of each of the four police officers and that of the eyewitness, Robert Earl, and the testimony of each of the six defense witnesses, including the defendant himself, we concluded that the trial judge was justified in finding the defendant guilty of reckless homicide. We have the testimony of four police officers to the effect that the defendant was under the influence of an intoxicating beverage at the time of the occurrence. Robert Earl, the driver of a car going in the opposite direction, had his attention attracted by a cloud of dust just before the object was struck by defendant's car. The main concentration of debris appeared to be on the shoulder itself and not upon the roadway, and the victim's body was found upon the

shoulder at a distance of one to four feet from the north edge of the highway. The trial judge apparently concluded from the testimony that the incident occurred in a fairly well-lighted area. Further evidence is that the defendant drove his car, without having eaten, after having consumed about 1⅔ quarts of beer. The fact that there are inconsistencies in the testimony, or the fact that the defendant's witnesses testified that he was not intoxicated, does not mean that the trial judge erred when he held defendant guilty of reckless homicide beyond a reasonable doubt.

 A reviewing court will not reverse a judgment of conviction on the evidence unless there is reasonable and well-founded doubt as to the guilt of the accused and the judgment is palpably contrary to the weight of the evidence. People v. Barbic, 105 Ill App2d 360, 370, 244 NE2d 626. It has been said many times that where the accused is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony. Where the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the trier of the fact. The People v. Clark, 30 Ill2d 216, 219, 195 NE2d 631. Where the evidence is conflicting, but legally sufficient if the State's witnesses are believed, the question is for the trier of fact to determine. People v. Mundorf, 97 Ill App2d 130, 138, 239 NE2d 690. This same rule applies regarding the intoxication of the accused where there is conflicting evidence. The People v. Littwin, 378 Ill 567, 571, 39 NE2d 5; People v. Miller, 101 Ill App2d 361, 365, 243 NE2d 277.

 Defendant contends that his intoxication was not proven beyond a reasonable doubt because his actions after the accident were not the result of intoxication, but because of a nervous reaction to the occurrence itself, and he argues that the testimony of the officers

alone is not sufficient to prove his intoxication in the absence of any corroborative evidence regarding scientific tests. The trial judge apparently did not believe, based upon all the testimony, that defendant's actions after the accident were attributable to his nervousness rather than intoxication. In People v. Casa, 113 Ill App 2d 1, 6, 251 NE2d 290, it was held that the opinion testimony given by the arresting officer as to the intoxication of the defendant was sufficient without any supporting scientific tests being presented in evidence. Convictions for driving while under the influence of intoxicating liquor on officers' testimony alone, without any intoxication tests being given, were also sustained in People v. Armstrong, 16 Ill App2d 365, 148 NE2d 187, and People v. Buzinski, 64 Ill App2d 194, 212 NE2d 270. From the evidence presented in this case, the trial judge did not err in finding the defendant guilty of the crime of driving while under the influence of intoxicating liquor. Such finding was not against the manifest weight of the evidence and the crime as charged was proved beyond a reasonable doubt.

The guilty findings as to both counts cannot be said to be based upon inconclusive and speculative evidence. For these reasons the judgment of the Circuit Court of DuPage County is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.