THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERNON A. JEFFERSON, Defendant-Appellant.

(No. 54912; ■■■■■■■■■■

First District—August 31, 1971.

Rehearing denied September 24, 1971.

STAMOS, J., dissenting.

John D. Vosnos, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

Defendant appeals a conviction of driving a motor vehicle while under the influence of intoxicating liquor.[1] He was sentenced to pay a fine of $100.00 and costs. He presents three issues. However, the one we review is whether the evidence proved, beyond a reasonable doubt, that on the occasion in question defendant drove a motor vehicle.

The State's evidence consisted of the testimony of the arresting officer, Bernard Cooney. At about 2:30 A.M. on April 18, 1969, Cooney responded to the call of two plain-clothes policemen who had witnessed an accident on the exit ramp at 7344 South, Dan Ryan Expressway in Chicago. At the scene, he found a 1968 Buick automobile against a pole. Cooney testified that defendant was in the car, seated behind the steering wheel; and when asked what happened, defendant said, "I don't know what happened. The car just went out of control and I struck the pole." Under cross-examination, however, Cooney was asked whether when he arrived at the scene defendant was sitting in the center of the car. He answered, "Yes."

As one of two witnesses for the defense, defendant denied he drove the car described by Cooney. He insisted that he did not make the statement attributed to him. He called Verna Malone as his witness. She testified that on the night in question, she was driving the 1968 Buick when it skidded directly into the post where it was found by the officer. She said that she left defendant in the car and went to get a tow truck. After hearing the witnesses, the trial judge found defendant guilty.

Defendant contends that the State's evidence, consisting only of Officer Cooney's testimony, did not prove him guilty beyond a reasonable doubt. He argues that Cooney contradicted his testimony (that defendant was seated at the steering wheel of the Buick) by testifying on cross-examination that defendant was seated in the center of the car. Defendant insists.

---

[1] Ill. Rev. Stat. 1967, ch. 95½, § 144

"(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State."

that Cooney's weakened testimony was contradicted by him and by Miss Malone. Defendant points to the absence as witnesses of the two plain-clothes policemen who were present when Cooney arrived at the scene. From these facts, defendant argues that the State failed to prove that he drove a motor vehicle at the time in question.

The *corpus delicti* of driving a motor vehicle while under the influence of intoxicating liquor consists of (1), the driving of a motor vehicle; (2), on a public highway; and (3), the intoxication of the driver. (*People v. Ellena*, 67 Cal. App. 683, 228 p. 389 (1924); Annot., 42 A.L.R. 1498, 1500.) The State must prove, beyond a reasonable doubt, each element of the offense and that, as charged, defendant, under the influence of intoxicating liquor, was the driver of the motor vehicle. *People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206.

To meet defendant's contention, the State relies on our decision in *People v. Jendrzejak*, 98 Ill.App.2d 313, 240 N.E.2d 239 where Jendrzejak at 2:17 A.M., in a drunken condition, was found standing behide his car in a roadway ditch. The arresting officer testified that Jendrzejak told him he was the owner and the driver of the automobile. Although at his trial Jendrzejak testified that his wife had driven the automobile into the ditch and left him there after a domestic quarrel, he did not deny telling the officer that he was the driver of the vehicle. The trial judge, after hearing both Jendrzejak and his wife, found that their testimony was not believable. By contrast, defendant in this case denied he told Officer Cooney what the State construes was an admission that he drove the Buick. Defendant argues that his witness, Miss Malone, corroborated his claim that he was not driving the car.

We observe that the statement Officer Cooney attributed to defendant, unlike Jendrzejak's, does not unequivocally admit operating a motor vehicle. Furthermore, unlike in *Jendrzejak*, the trial judge in this case did not find that the testimony of defendant and his witness was undeserving of belief. Therefore, we agree that *People v. Jendrzejak* is distinguishable from the case before us.

We are aware of the principle that a trial judge's findings are entitled to great weight. However, when a conviction rests on evidence so unsatisfactory that it raises a reasonable doubt of defendant's guilt, we will reverse. (*People v. Mundorf*, 85 Ill.App.2d 244, 229 N.E.2d 313.) We are compelled to conclude that Officer Cooney's testimony was weakened during cross-examination, it was left unsupported by the absence of the two plain-clothesmen who witnessed the accident and contradicted by defendant and his witness Miss Malone. Therefore, the State's evidence is so unsatisfactory that it raises a reasonable doubt that defendant, as charged by the State, was the driver of a motor vehicle on

the occasion in question. Judgment is reversed. *People v. Wells,* 103 Ill.App.2d 128, 243 N.E.2d 427.

Judgment reversed.

McCORMICK, J., concurs.

STAMOS, J., dissents.