THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED L. BROWN, Defendant-Appellant.

(Nos. 55819, 55820 cons.; ■■■■■■■)

First District—February 9, 1972.

Elmer Gertz, Wayne B. Giampietro and Ralla Kelpak, all of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terry M. Gordon, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Fred L. Brown, was charged with driving a motor vehicle while under the influence of intoxicating liquor and with transporting an open bottle of intoxicating liquor in an automobile. He pleaded not guilty and waived a jury trial. He was found guilty on both charges and was fined $100 on the charge of driving while under the influence of intoxicating liquor and $25 on the charge of transporting an open bottle of intoxicating liquor plus $5 costs on each charge. On appeal, he contends that (1) the court erred in permitting a half-pint whiskey bottle to be entered into evidence and (2) the State failed to prove him guilty of either charge beyond a reasonable doubt.

There was no verbatim transcript taken at the time of trial. The defendant filed a proposed report of proceedings and after examining it the trial judge entered an order certifying it to be true and correct.

Spiros Drikos, a police officer, testified that at 4:30 P.M. on May 18, 1970, he observed the defendant driving south on Cicero Avenue in the vicinity of 100th Street. He saw the defendant's automobile collide with the street curb and then continue approximately 100 yards with three flat tires, at which point the officer stopped defendant and arrested him.

Drikos said he found a half-pint whiskey bottle on the floor of the passenger's side of the car. He testified that he did not have the bottle in court because he did not think it was necessary and over objections by defense counsel the trial was recessed in order for the officer to obtain the bottle from his locker. When the witness returned he stated that he had not opened the bottle, smelled or tasted its contents before coming to court. Over objections by defense counsel, the officer was permitted to smell the contents of the bottle and to testify that it was in fact alcohol. Again over the objections of defense counsel, the bottle was entered into evidence as People's Exhibit 1. On cross-examination, the officer testified that he had never inventoried the bottle which he had found in defendant's automobile, but had kept it in his police locker from the time he took it from defendant until the time of trial.

■■■ Defendant contends that the trial court erred in admitting the whiskey bottle into evidence because no proper foundation was laid for its introduction. We agree. The rule is, of course, well established that the State has the burden of showing a continuous chain of possession in order to establish a foundation for the admission of physical evidence. (*People v. Cain*, 35 Ill.2d 184, 220 N.E.2d 195.) The reason for this rule is to negate the possibility of tampering or substitution. (*People v. Anthony*, 28 Ill.2d 65, 190 N.E.2d 837.) In the instant case, Officer Drikos testified that he had never inventoried the bottle, and there was no mark or writing on it to identify it as the one taken from defendant's automobile. Nor was the bottle sealed to eliminate the possibility of tampering or substitution. Moreover, there was no testimony that this officer had sole access to the locker in which the whiskey bottle was stored for the four months between defendant's arrest and trial. Under these circumstances, we cannot say that the State satisfied its burden of laying a proper foundation for the admission of this evidence. Since the whiskey bottle should have been excluded from the consideration of the jury, we hold that the defendant was not proven guilty beyond a reasonable doubt on the charge of transporting an open bottle of intoxicating liquor in an automobile.

Defendant next contends that the prosecution failed to prove him guilty beyond a reasonable doubt on the charge of driving while under the influence of intoxicating liquor. We note first that the evidence of the liquor bottle should be given no weight at all since there was no proper foundation laid for its introduction. There remains, however, the testimony of Officer Drikos as to other events leading up to the arrest and charge. The officer stated that he saw the defendant's automobile collide with the curb and then continue to travel for approximately 100 yards with three flat tires. He said that at the time of the arrest the de-

fendant was staggering and his breath smelled of alcohol. It also appears that the defendant resisted arrest and refused to be taken into custody, necessitating his being handcuffed. When he entered the police station, defendant was crying. The officer testified that he gave defendant a series of performance tests. He said defendant staggered and swayed while attempting to walk a straight line and turn. It took him from twenty to thirty minutes to pick up five coins from the floor and he was unable to identify the correct time and day of the week. It was the opinion of the arresting officer that the defendant was under the influence of intoxicating liquors.

The defendant, Fred L. Brown, testified in his own behalf. He stated that he had driven to work on the morning of May 18, 1970, with Isadore Brazzel, and that when he left work that evening, he drove Brazzel home, then proceeded south on Cicero Avenue. He testified that his automobile hit a rock, causing a blowout of one of his rear tires which caused his car to strike the curb, blowing out his right front tire. He said he had been waiting for approximately fifteen minutes when Officer Drikos approached, found a package in his car and arrested him. The officer would not tell him what was in the package, nor would he give him an inventory slip for it. Defendant related that four days previously he had fallen nine feet from a scaffold, injuring his legs, and that he had been confined to a desk job since then, with leave to visit a doctor every day. He stated that he walked with a limp and was in great pain, and that he was crying when he entered the police station from the shame and humiliation of being handcuffed. He testified that he had never been arrested before and denied that he was given any tests at the police station.

Isadore Brazzel testified that he had known the defendant for seven or eight years and had worked with him during the entire day in question. He stated that he was driven to and from work by the defendant, and that the defendant had had no alcoholic liquor of any kind to drink that day and had behaved normally. He corroborated the fact that the defendant had fallen from the scaffold, injuring his legs, and that he walked with difficulty. Brazzel said that at no time did he smell liquor on defendant's breath, nor did they stop anywhere on the way home from work.

■■ The only question involved here is the sufficiency of the evidence to support the judgment of the trial court. A reviewing court will not reverse a judgment of conviction on the evidence unless there is a reasonable and well-founded doubt as to the guilt of the accused and the judgment is palpably contrary to the weight of the evidence. (*People v. Barbic*, 105 Ill.App.2d 360, 244 N.E.2d 626.) But where the evidence is

merely conflicting, and the case is tried by the court without a jury, it is the function of the trial judge to determine the weight to be accorded the testimony, and the reviewing court will not substitute its judgment for that of the trial court. (*People v. Clark*, 30 Ill.2d 216, 195 N.E.2d 631.) These rules have been applied in convictions for driving under the influence of intoxicating liquor. (See, *e.g., People v. Miller*, 101 Ill.App.2d 361, 243 N.E.2d 277 and *People v. Armstrong*, 16 Ill.App.2d 365, 148 N.E.2d 187.) Moreover, this court has repeatedly held that the testimony of the arresting police officer or officers may be sufficient to convict a defendant of driving under the influence without any supporting scientific tests being admitted into evidence. (See, *e.g., People v. Coolidge*, 124 Ill.App.2d 479, 259 N.E.2d 851; *People v. Casa*, 113 Ill.App.2d 1, 251 N.E.2d 290 and *People v. Buzinski*, 64 Ill.App.2d 194, 212 N.E.2d 270.) In the instant case, the trier of fact apparently believed the testimony of the arresting officer and disbelieved the testimony of the defendant. A careful review of the record leads us to conclude that the evidence was sufficient to justify a conviction on the charge of driving while under the influence of intoxicating liquor.

Defendant places much reliance on *People v. Mundorf*, 85 Ill.App.2d 244, 229 N.E.2d 313 and *People v. Taylor*, 110 Ill.App.2d 81, 249 N.E.2d 127. In *Mundorf*, we reversed due to contradictions in the officer's testimony which made his testimony incredible. In particular, we pointed out that although the officer testified that the defendant's eyes were bloodshot, the evidence showed that one of the defendant's eyes was glass. In *Taylor*, the trial judge concluded from the testimony that the evidence failed to establish defendant's guilt beyond· a reasonable doubt. He convicted the defendant, however, on the basis of the results of a .10 reading on a breathalyzer test. The Appellate Court, reversing, held that the trial court erred in concluding that a .10 reading invoked a statutory presumption of intoxication, when at the time, a .15 reading was required. Thus both *Mundorf* and *Taylor* are distinguishable from the case at bar on the facts.

Accordingly, the judgment on the charge of transporting an open bottle of intoxicating liquor in an automobile is reversed. The judgment on the charge of driving a motor vehicle while under the influence of intoxicating liquor is affirmed.

Reversed in part and affirmed in part.

DIERINGER, P. J., and ADESKO, J., concur.