THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES M. MEINERS, Defendant-Appellee.

Third District   No. 3—84—0746

Opinion filed December 3, 1985.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Russell J. Holesinger, of Deckro & Holesinger, of Morrison, for appellee.

JUSTICE BARRY delivered the opinion of the court:

On July 9, 1984, at approximately 8:30 a.m., State Police Trooper Melissa Van Drew directed the defendant, James M. Meiners, to drive his truck off of a State highway and toward portable weight scales manned by employees of the Department of Transportation. The defendant's truck weighed heavier than the allowable legal weight limit. Following the weighing of the truck, the defendant was directed to Van Drew's squad car. Van Drew told the defendant that his truck was over the weight limit. The defendant responded, "I can't be over-weight. I just loaded at Fenton. Here's my weight ticket." The defendant handed the Fenton weight ticket to Van Drew. Van Drew replied, "This ticket shows that you were overweight."

On the defendant's motion, the trial court suppressed the defendant's statements and the Fenton weight ticket as fruits of an illegal interrogation. The circuit court held that because the defendant was "in custody," Van Drew was required to advise the defendant of his *Miranda* rights before speaking to him. The State brings this appeal from the order suppressing evidence.

The trial court based its decision on *Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138. The defendant Mc-Carty was stopped by an Ohio State Highway Patrol trooper after the trooper observed McCarty driving erratically. When McCarty emerged from his car, the trooper noticed that McCarty had difficulty standing. The trooper, therefore, asked McCarty to perform field sobriety tests. The trooper also asked the defendant if he had used intoxicants. Mc-Carty replied affirmatively and was then arrested for a misdemeanor traffic offense. He was transported to the county jail where he made additional incriminating statements. McCarthy was never advised of his *Miranda* rights.

The Supreme Court held that a person subjected to custodial interrogation is entitled to the procedural safeguards of *Miranda* regardless of the nature or severity of the offense for which the defendant is arrested. (468 U.S. 420, 434-35, 82 L. Ed. 2d 317, 331, 104 S. Ct. 3138, 3148.) Consequently, the court found that all statements made by McCarty subsequent to his formal arrest were inadmissible at trial because McCarty was not given *Miranda* warnings.

As to McCarty's statements prior to his arrest, the court found these statements admissible. The court reasoned that McCarty was not "in custody" until he was formally arrested. Therefore, *Miranda* warnings were not mandated prior to the arrest. In so holding, the court concluded that the typical traffic stop is more analogous to a *Terry* stop (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868) than to the kinds of interrogation at issue in *Miranda*. Two features of the traffic stop distinguish it from custodial interrogation, according to the *Berkemer* court. The first feature is the brevity of the traffic stop, during which a motorist anticipates that he will be detained for a very short time. The second feature is the circumstances surrounding the traffic stop, particularly the exposure to public view and the presence of only one or two police officers.

Applying the principles and reasoning of *Berkemer* to the cause at bar, we conclude that the trial court erred in granting the defendant's motion to suppress. Admittedly, the defendant was not free to leave the area until allowed to do so by Trooper Van Drew. However, the Supreme Court acknowledged in *Berkemer* that a traffic stop necessarily entailed a "seizure" of the driver. Despite the "seizure" inherent in a traffic stop, the *Berkemer* court refused to extend the *Miranda* protections to traffic stops.

We find that the stop of the defendant falls squarely within the exception to *Miranda* protections enunciated in *Berkemer*. The defendant was stopped while suspected of a misdemeanor traffic of-

fense. (Ill. Rev. Stat. 1983, ch. 95½, par. 15—111(b).) The stop was made in an area exposed to public view. Indeed, the stop was at the intersection of two highways and was witnessed by civilian employees of the Department of Transportation. The detention of the defendant was brief. There was no display of force even though Trooper Van Drew was not the only officer present. We hold that, under the principles of *Berkemer*, the defendant was not "in custody" and no *Miranda* warnings were required.

The judgment of the circuit court of Whiteside County is reversed.

Reversed.

HEIPLE, P.J., and WOMBACHER, J., concur.