THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA NUNES, Defendant-Appellant.

Second District   No. 2—85—0399

Opinion filed June 5, 1986.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan, and Ketter & Reardon, of Chicago (Kenneth R. Boyle, of State's Attorneys Appellate Service Commission, of Springfield, and William L. Browers, of State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Barbara Nunes, appeals from her convictions for the offenses of driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)), improper lane usage (Ill. Rev. Stat. 1983, ch. 95½, par. 11—708), and improper display of license plates (Ill. Rev. Stat. 1983, ch. 95½, par. 3—413). She claims that the trial court erred in admitting certain statements defendant made at the scene without having received *Miranda* warnings and that she was not proved guilty beyond a reasonable doubt.

On December 29, 1984, at approximately 4 a.m., Illinois State Trooper Steven Koenig was patrolling Interstate 94 when he observed an automobile speeding southbound in the northbound lane. Koenig pulled over to the shoulder and radioed Trooper Holt Pzisani, who was patrolling the same highway further south, that a car was headed in the wrong direction. Koenig then executed a U-turn and pursued the vehicle. Approximately one-half mile down the road, he caught up to the car and pulled it over. At that point the defendant got out of the car. Koenig later testified that she used her left hand for support

as she walked along the side of the car. Koenig also got out and walked up to the defendant. As Koenig asked defendant for her driver's license, he noticed what he described as a "strong odor of alcohol." He described her eyes as "bloodshot and glassy." Koenig asked defendant if she had been drinking. He testified that defendant's response was "yes, eight drinks." Pzisani, who arrived at the scene shortly after Koenig had pulled the car over, testified that he heard defendant say six drinks. Koenig administered a field test, known as the horizontal gaze nystagmus test which, according to Koenig, defendant failed. Koenig then advised defendant that she was under arrest for driving under the influence of alcohol. It began raining, so Koenig placed defendant in his squad car. He asked Pzisani to have defendant's car towed.

At the station, Koenig read the implied consent warning and asked defendant to take a breath test. She refused, saying that she was not drunk. She also refused to take any more performance tests. Koenig described defendant's speech as slurred and "thick tongued." As he filled out the citation, he read defendant her *Miranda* rights. It was Koenig's opinion that defendant was under the influence of alcohol. Except for the discrepancy as to the number of drinks, Pzisani's testimony essentially corroborated Koenig's. It was also Pzisani's opinion that defendant was intoxicated.

The defendant testified that she had been at her sister's home in Fox Lake, babysitting her sister's children. She was taking a number of medications for a chronic bronchial condition, as well as for a chest cold. In addition, she was upset at learning of the death of her pet parakeet. She had not had anything alcoholic to drink. As she was driving to her home in Zion she used an unfamiliar route and became confused. As a result, she entered Interstate 94 by an exit ramp and found herself headed in the wrong direction. When she realized her mistake, she did not attempt to stop and make a U-turn, "because that was against the law." Instead she continued looking for an exit until she was pulled over by Trooper Koenig. According to defendant, the late hour, her depressed mental state and the combination of medications accounted for her glassy eyes, slurred speech, and unsteady walk.

Based on this evidence, the jury found defendant guilty on all three counts. On appeal, defendant's first contention is that it was error to permit the troopers to testify to defendant's statement at the scene that she had been drinking because she had not been read her rights as dictated by *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

Defendant, however, has waived this issue by failing to either object to this testimony at the time it was made or to include such objection in her post-trial motion. *People v. Jackson* (1981), 84 Ill. 2d 350; *People v. Shelton* (1985), 140 Ill. App. 3d 886.

■■ Regardless, the statements were properly admitted. *Miranda* requires that warnings be given in situations involving custodial interrogation. That decision was never meant to handicap police in their traditional function of investigating a crime at the scene. (*Miranda v. Arizona* (1966), 384 U.S. 436, 477-78, 16 L. Ed. 2d 694, 725-26, 86 S. Ct. 1602, 1629-30.) Thus, the warnings are not required where the police conduct a general on-the-scene questioning as to facts surrounding a crime. *People v. Parks* (1971), 48 Ill. 2d 232, 237, *cert. denied* (1972), 404 U.S. 1020, 30 L. Ed. 2d 669, 92 S. Ct. 692.

■ In *Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138, the Supreme Court held that a driver stopped for a traffic violation is not in custody unless and until he is actually arrested. Thus, a statement made by the defendant driver that he had been drinking, made at the scene and before his arrest, was held admissible. (468 U.S. 420, 442, 82 L. Ed. 2d 317, 336, 104 S. Ct. 3138, 3152; see also *People v. Meiners* (1985), 138 Ill. App. 3d 754; *People v. Clark* (1980), 84 Ill. App. 3d 637, 639.) The present case is indistinguishable from *Berkemer.* As in *Berkemer*, defendant admitted, in response to the officer's on-the-scene question, that she had been drinking. Therefore, under the analysis of *Berkemer*, as followed by the Appellate Court for the Third District in *People v. Meiners* (1985), 138 Ill. App. 3d 754, 755, the statement was admissible.

■■ The second contention made by defendant is that she was not proved guilty beyond a reasonable doubt. She points out that the only evidence against her was the testimony of Troopers Koenig and Pzisani. She also claims that the State failed to prove that, because of her alleged drinking, defendant was less able to operate her car with safety for herself and for the public. See *People v. Winfield* (1973), 15 Ill. App. 3d 688.

It is true that the State must prove that the defendant's ability to operate a motor vehicle was actually impaired by his consumption of alcohol. (*People v. Winfield* (1973), 15 Ill. App. 3d 688, 690.) In the present case, it was uncontradicted that defendant was apprehended driving the wrong way in the northbound lane of an interstate highway. From this, the jury could have concluded that defendant's ability to operate her auto was in fact impaired.

The appellate court will not reverse a conviction for insufficiency of the evidence unless there is a "reasonable and well-founded doubt

as to the guilt of the accused," and the judgment is palpably contrary to the weight of the evidence. (*People v. Coolidge* (1970), 124 Ill. App. 2d 479, 485.) It is well established in this State that the testimony of one or two arresting officers, without corroboration, is sufficient to sustain a conviction for driving under the influence. (*People v. Brown* (1972), 3 Ill. App. 3d 879, 883; *People v. Coolidge* (1970), 124 Ill. App. 2d 479, 485-86; *People v. Buzinski* (1965), 64 Ill. App. 2d 194, 196.) The defendant claims that factors other than intoxication, including the late hour, her emotional state and the combined effects of numerous medications, could account for her condition on the night of the arrest. At best, this simply offers an alternative explanation for her condition to that of the troopers. Where the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the jury. *People v. Coolidge* (1970), 124 Ill. App. 2d 479, 485; *People v. Buzinski* (1965), 64 Ill. App. 2d 194, 196.

▮ From the evidence presented, the jury was entitled to conclude that the defendant was under the influence of alcohol and that this impaired her ability to operate her auto safely. The defendant's refusal to take a breath test was properly admitted. (Ill. Rev. Stat. 1983 ch. 95½, par. 11—501.2(c).) Additionally, both officers testified that a strong odor of alcohol emanated from the defendant, that she steadied herself against her car while walking, that her eyes were bloodshot and glassy, that she failed the nystagmus test and that her speech was impaired. Finally, defendant's own statement that she had had either six or eight drinks was properly admitted.

The jury was also entitled to reject the defendant's version of events: that she entered Interstate 94 in the wrong direction by mistake and that, realizing her mistake, she drove on for approximately a mile without attempting to turn around, and that the physical impairments described above resulted from the side effects of numerous cold remedies and the emotional trauma of the loss of a pet parakeet.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

NASH, P.J., and SCHNAKE, J., concur.