**People of the State of Illinois, Plaintiff-Appellee, v. Thomas Killion, Defendant-Appellant.**

### Gen. No. 11,090.

Fourth District.

September 22, 1969.

Raymond Lee, Jr., of Tuscola, for appellant.

Frank W. Lincoln, State's Attorney, of Tuscola, for appellee.

TRAPP, P. J.

Defendant appeals from an order revoking his probation upon findings that he had used intoxicating liquor in violation of the terms of probation, and that he had been guilty of disorderly conduct in another county.

It is urged that there was insufficient competent evidence to support either of these findings, and that the court erred in entering a sentence which did not provide credit for the time defendant was in jail pending the proceedings.

At the hearing on revocation defendant testified upon interrogation by his counsel that he had entered a plea of guilty on the charge of disorderly conduct in Jasper County. He was represented by counsel at the time of such plea. Since there is an admission in open court of the violation of law which is charged, it is unnecessary to examine the arguments upon the sufficiency of the authenticated record of such conviction.

██ . The evidence upon the use of intoxicating liquor is in conflict in the sense that defendant denies it. The Sheriff of Jasper County testified that he found defendant with an odor of liquor on his breath and with slurred speech. Defendant's argument that he had passed no place where he might purchase intoxicating liquor as he was travelling is belied by the testimony that most of a carton of beer was found in his truck. Probation may be revoked upon showing violation by a preponderance of the evidence. People v. Carroll, 76 Ill App2d 9, 221 NE2d 528. Defendant seeks to measure the evidence here in the terms of People v. Dwyer, 57 Ill App 2d 343, 206 NE2d 113. There the reviewing court found that there was no evidence at all that the defendant was drinking beer, or that he had committed theft. The defendant cites People v. Mundorf, 85 Ill App2d 244, 229 NE2d 313, but the issue there was proof beyond a reasonable doubt that defendant was driving while under the influence of intoxicating liquor. Such is not the issue here.

The court takes judicial notice that the sentence credit stated in c 38, § 119–3, Ill Rev Stats 1967, is determined by the regulations of the Department of Public Safety and is provided administratively. People v. Smith, 90 Ill App2d 310, 234 NE2d 31.

The judgment is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.