THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CORDELL SEALS, Defendant-Appellant.

First District (4th Division)   No. 1—89—1892

Opinion filed August 22, 1991.

Randolph N. Stone, Public Defender, of Chicago (Vicki Rogers, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, David Stabrawa, and Mary Brigid Kenney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant Cordell Seals was convicted of reckless homicide and sentenced to a six-year term. (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(a).) Upon appeal defendant contends that the State failed to prove him guilty beyond a reasonable doubt.

Gregory Green testified that on May 14, 1988, he was a passenger in the back seat of the car which defendant was driving. According to Green, defendant was driving at about 40 miles per hour and observing all traffic rules. He had not seen defendant drink any alcohol or use any drugs that day.

Terry Williams testified that on that date he was driving his car with his grandfather in the front passenger seat. Although Williams looked in the proper direction of oncoming traffic at the intersecting one-way street, he did not see defendant's car until it struck the passenger side of Williams' car as Williams was going through the intersection on a green light. According to Williams, defendant's car was going "about 80, close to 90" upon impact. His grandfather subsequently died from injuries he sustained in the accident.

Assistant State's Attorney Mary Pat Devereux testified that she interviewed defendant about the accident. Defendant told her that he had been at home where he consumed eight beers "and had smoked about three joints of marijuana." He then left to drive Henretta McCalin and Green to downtown Chicago. Also, according to defendant's statement, he did not recall how the accident happened. Upon cross-examination, Devereux said that at the time she interviewed defendant, "he appeared alert and was able to answer my questions," and she did not remember "if [she] could smell alcohol or not."

Police officer William E. Moss testified that he arrived at the accident scene which involved defendant's car. He later spoke with defendant at the hospital and arrested him. Defendant told Moss that he drank "a few beers and smoked a few marijuana cigarettes." When Moss inspected defendant's car, he saw that "the speedometer was stuck at about I would say between 70 and 80 miles per hour." Upon cross-examination, Moss said that a police sergeant administered the breathalyzer test to defendant and that defendant did not appear intoxicated at the hospital. Moss also said that defendant adequately performed the appropriate motor skill tests and that "his speech was clear."

Mrs. Carol Trojan, a toxicologist, testified that defendant's blood and urine tested positive for phencyclidine (PCP). Defendant's samples were not tested for marijuana.

Dr. Michael Schaffer of the medical examiner's office specialized in toxicology and had an advanced degree in pharmacology. He testified that the defendant's blood "was screened for alcohol, opiates and barbiturates and that was negative. *** The blood was also screened for cocaine and that was negative." In relation to PCP Dr. Schaffer remarked:

"If we can measure at all any level of phencyclidine in the blood, an individual in my opinion *** is not capable of safely operating a motor vehicle ***."

Defendant testified that on May 14, 1988, he drank five seven-ounce bottles of beer in the morning, but he denied smoking any marijuana. He then went to Green's apartment, and with Green and Green's girl friend in defendant's car he drove down a one-way street the wrong way. Defendant then "proceeded to back up to turn around some kind of way. Next thing I remember was I was in an ambulance." Defendant also testified, "I couldn't have been going no more than 35 or 40." Defendant denied that he had any PCP on May 14, 1988, but admitted that he had been using PCP about twice a month for four months prior to that day. Defendant also said that he did not remember telling Devereux on May 14, 1988, that he had smoked about three marijuana cigarettes.

The trial court found defendant guilty of reckless homicide for acting "recklessly in driving a motor vehicle under the influence of phencyclidine and marijuana." The trial court denied the defendant's motion for new trial and sentenced defendant to six years' imprisonment. The record contains no post-trial motion.

■ Upon appeal defendant contends that the State failed to prove him guilty beyond a reasonable doubt of reckless homicide based on driving under the influence of PCP. Section 9—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 9—3) provides in pertinent part:

"(a) A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide.

(b) In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be prima facie evidence of a reckless act.

(c) *** [A] person shall be considered to be under the influence of alcohol or other drugs while:

* * *

(3) Under the influence of any other drug or combination of drugs to a degree which renders such person incapable of safely driving."

PCP is a substance listed under the Illinois Controlled Substances Act. Ill. Rev. Stat. 1987, ch. 56½, par. 1206(e)(5).

■ In the case at bar, the trial court was correct in concluding that defendant met all the statutory requirements for a conviction for reckless homicide. Defendant concedes and Williams testified that defendant drove a car the wrong way down a one-way street. The trial court also concluded that defendant disobeyed a traffic signal and struck another car at a speed "well beyond anything allowable on the city streets." Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact reasonably could have found that defendant recklessly crashed into Williams' car, thereby killing Williams' grandfather. See *People v. Young* (1989), 128 Ill. 2d 1, 49, 538 N.E.2d 461.

■ One could also reasonably conclude that defendant drove the wrong way down a one-way street at an excessive speed because his driving ability was impaired by drug use. (See *People v. Nunes* (1986), 143 Ill. App. 3d 1072, 1075, 494 N.E.2d 202 (defendant was apprehended driving in the wrong direction on a highway due to intoxication).) The trial court found that defendant smoked three marijuana cigarettes laced with PCP that morning because PCP was detected in defendant's blood and urine, defendant admitted smoking marijuana to the police, and "one of the ways of ingesting PCP is on a cannabis cigarette." Furthermore, Dr. Michael Schaffer, an expert witness, testified regarding the effects of PCP in humans and said that any amount in defendant's body could cause a driving problem. While Dr. Schaffer relied in part on seminar materials for his opinion on PCP intoxication, we conclude that he was qualified to testify and that the trial court did not abuse its discretion in admitting his expert testimony. (See *People v. Pruitt* (1974), 16 Ill. App. 3d 930, 939, 307 N.E.2d 142, *cert. denied* (1974), 419 U.S. 968, 42 L. Ed. 2d 184, 95 S. Ct. 232.) For the above reasons, we conclude that the trial court properly found defendant guilty of reckless homicide.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.