## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 24 2018, 7:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy P. Payne
Monroe County Public Defender's Office
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Commitment of: N.D.<br><br>N.D.,<br>*Appellant-Respondent,*<br><br>v.<br><br>Indiana University Health Bloomington Hospital,<br>*Appellee-Petitioner.* | October 24, 2018<br><br>Court of Appeals Case No. 18A-MH-1328<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Mary Ellen Diekhoff<br><br>Trial Court Cause No. 53C07-1805-MH-168 |

**Kirsch, Judge.**

In *In re: Commitment of J.M.*, 62 N.E.3d 1208, (Ind. Ct. App. 2016), we noted that the question of how persons subject to involuntary commitment are treated by our trial courts is a matter of great importance to both society and to the person who has been committed. Accordingly, our statutory and case law affirm that the value and dignity of the individual facing commitment or treatment is a matter of great societal concern. *See* Ind. Code 12-26-5-1 (establishing procedures for seventy-two-hour commitment); Ind. Code 12-26-6-2 (establishing procedures for ninety-day commitment); *In re: Mental Health Commitment of M.P.*, 510 N.E.2d 645, 646 (Ind. 1987) (noting that the statute granting a patient the right to refuse treatment "profoundly affirms the value and dignity of the individual and the commitment of this society to insuring humane treatment of those we confine")

Here, N.D. appeals the trial court order of her involuntary mental health commitment and forced medication contending that it was not supported by clear and convincing evidence. "When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed." *In re: J.B.,* 766 N.E.2d 798 (Ind.Ct.App.2002) (citing *In re Lawrance,* 579 N.E.2d 3(Ind. 1991)). We have previously considered, discussed, and resolved the issues that N.D. raises here, and they are moot. *See In re: Commitment of J.R.,* 766 N.E.2d 795, 798 (Ind. Ct. App., 2002) and *In re Commitment of J.M.,* 62 N.E.3d 1208 (2016).

Dismissed.

Vaidik, C.J., and Riley, J., concur.